UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>            Plaintiff,<br>    v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>            Defendant. | CASE NO: 9:23-cv-81373-DMM |

**DEFENDANT'S MOTION TO STAY AND MEMORANDUM OF LAW**

This Court should stay this case pending the Supreme Court's imminent decision on the constitutionality of the Consumer Financial Protection Bureau's (the "CFPB") funding structure.[1] The constitutional issue goes directly to whether the CFPB can maintain this enforcement action. If the Supreme Court affirms the Fifth Circuit's opinion holding that the CFPB's funding is unconstitutional, then this enforcement action must be dismissed.

Furthermore, judicial economy—the preservation of the Court's limited time and resources—is best served by a stay. Without a stay, this Court will have to resolve Freedom's Motion to Dismiss, including the very issue squarely before the Supreme Court, and it may have to unnecessarily deal with many other issues that will come up as the parties conduct discovery and prepare for trial. Additionally, neither the CFPB nor Freedom will be prejudiced by a temporary stay. The CFPB has already obtained relevant information and documents during its

---

[1] During the December 14, 2023 scheduling conference, Defendant Freedom Mortgage Corporation ("Freedom") advised this Court that it would be filing a motion to stay this proceeding.

1

underlying investigation. And, without a stay, Freedom will unnecessarily expend its time and resources, which it will never recover, defending itself in an unconstitutional action.

I. **BACKGROUND**

On October 10, 2023, the CFPB brought this enforcement action against Freedom under the Consumer Financial Protection Act (the "CFPA"), the Home Mortgage Disclosure Act ("HMDA"), and HMDA's implementing regulation, Regulation C. *See* Dkt 1 (the "Complaint"). The CFPB alleges errors in the HMDA data Freedom submitted for 2020. *Id*. ¶ 19. Prior to its filing of the Complaint, the CFPB conducted an investigation relating to the 2020 data.

On December 27, 2023, Freedom filed its Motion to Dismiss, wherein it argued that the Complaint should be dismissed in its entirety because, among other things, the action would not have occurred but for the CFPB's unconstitutional funding structure. *See* Dkt 17 at 18-19. The plaintiffs in *Cmty. Fin. Services Ass'n. v. Consumer Fin. Prot. Bureau* advanced that same constitutional challenge against the CFPB's Payday Lending Rule. 51 F.4th 616, 635 (5th Cir. 2022). They argued that the CFPB's funding structure violates the Appropriations Clause and the separation of powers principles of the United States Constitution because it does not depend on appropriations from Congress. *See id*. The Fifth Circuit agreed and vacated the Payday Lending Rule. *See id*. at 635-42. On February 27, 2023, the Supreme Court granted certiorari review and, on October 3, 2023, heard oral arguments. *See Cmty. Fin. Servs. Ass'n of Am., Ltd.*, 143 S. Ct. 978 (Feb. 27, 2023) *argument heard*, No. 22-448 (October 3, 2023).

II. **THIS ACTION SHOULD BE STAYED PENDING THE SUPREME COURT'S DECISION ON THE CONSTITUTIONALITY OF THE CFPB**.

This Court should stay the present proceeding until the Supreme Court has issued its decision in *Cmty. Fin. Services Ass'n.* concerning the constitutionality of the CFPB's funding

structure. A stay is warranted when there is another proceeding pending before the Supreme Court, and its decision will likely have a dispositive impact on the present proceeding. *E.g., Dawkins v. U.S.*, No. 16-22750-Civ, 2017 U.S. Dist. LEXIS 6218, at *6 (S.D. Fla. Jan. 13, 2017); *Perez v. United States*, No. 16-22687-Civ, 2017 U.S. Dist. LEXIS 5412, at *7 (S.D. Fla. Jan. 12, 2017); *Foxx v. United States*, No. 16-20468-Civ, 2016 U.S. Dist. LEXIS 142079, at *5 (S.D. Fla. Oct. 11, 2016); *Gasparotto v. United States*, No. 16-22306-Civ, 2016 U.S. Dist. LEXIS 141461, at *5 (S.D. Fla. Oct. 11, 2016); *Lewis v. United States*, No. 16-22246-Civ, 2016 U.S. Dist. LEXIS 141456, at *5 (S.D. Fla. Oct. 11, 2016).

The majority of courts that have considered whether to enter a stay pending the Supreme Court's decision in *Cmty. Fin. Services Ass'n.* have done so. *See*, *e.g.*, *Consumer Fin. Prot. Bureau v. Moneylion Technoloiges Inc.*, 2023 U.S. Dist. LEXIS 214108 (S.D.N.Y. Dec. 1, 2023); *Consumer Fin. Prot. Bureau v. Credit Acceptance Corp.*, 2023 U.S. Dist. LEXIS 137992 (S.D.N.Y. Aug. 7, 2023); *Tex. Bankers Ass'n v. Consumer Fin. Prot. Bureau*, No. 7:23-CV-00144, 2023 U.S. Dist. LEXIS 134913 (S.D. Tex. July 31, 2023); *CFPB v. Law Offices of Crystal Moroney*, No. 20-3471, Dkt 165 (2d Cir. June 28, 2023); C*onsumer Fin. Prot. Bureau v. Noh*, No. 8:21-cv-00488, 2023 U.S. Dist. LEXIS 127575 (C.D. Cal. Mar. 6, 2023); *Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, 2022 U.S. Dist. LEXIS 223995 (S.D.N.Y. Dec. 9, 2022); *but see Consumer Fin. Prot. Bureau v. Transunion*, No. 22 C 1880, 2023 U.S. Dist. LEXIS 93049 (N.D. Ill. Apr. 13, 2023) (denying stay to allow CFPB to safeguard public interest in light of ongoing consumer harm, which is not alleged in this case against Freedom).

Additionally, this Court has the inherent power to control its docket and promote judicial economy. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Marti v. Iberostar Hoteles Y Apartamentos S.L.*, 54 F.4th 641, 649 (11th Cir. 2022) (courts have "general discretionary power to stay proceedings before [them] in the control of [their] docket and in the interests of justice") (citation omitted); *see also Watson Constr. Co. v. City of Gainesville*, No. 1:05-CV-094, 2007 U.S. Dist. LEXIS 108134, at *3-4 (N.D. Fla. Sep. 5, 2007) ("Judicial economy requires that [courts] efficiently manage litigation so as to minimize duplication of effort and avoid wasting the judiciary's time and resources."); *Credit Acceptance Corp.*, 2023 U.S. Dist. LEXIS 137992, at *8 ("A stay will best serve the interests of the courts by promoting judicial efficiency and will minimize the possibility of conflicts between different courts.  A stay is also warranted because the Supreme Court's decision could contain guidance that would allow this litigation to proceed on a reasonable and efficient basis.") (citations omitted) (cleaned up).

     Staying the present proceeding will control this Court's docket and promote judicial economy by preventing this Court from having to re-do or duplicate its efforts, including, but not limited to, rehearing and/or re-deciding dispositive motions and discovery disputes, reissuing amended scheduling orders, or scheduling interim status conferences and hearings.  For example, in its Motion to Dismiss, Freedom argued that the Complaint should be dismissed because the CFPB is unconstitutionally funded.  In the interest of judicial economy, this Court should not decide this issue now just to have to revisit it within the next six months (during which time the Court may have also spent its time and resources dealing with other issues that come up as this case is preparing for trial); but, instead, should wait for the Supreme Court's forthcoming decision resolving this issue.  The Court will best protect its limited time and resources by issuing a stay.

### III. A STAY IS IN THE INTEREST OF BOTH PARTIES.

Without a stay, Freedom will be unduly prejudiced and burdened because it will have expended time and resources defending itself against an unconstitutional enforcement action, and such expenditure will have been permanent and irreversible. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1552 n.13 (11th Cir. 1986) (stay justified if unduly prejudicial for party to defend itself while another pending action would be dispositive); *see also Credit Acceptance Corp.*, 2023 U.S. Dist. LEXIS 137992, at *7 (S.D.N.Y. Aug. 7, 2023) ("Awaiting the Supreme Court's resolution in [*Cmty. Fin. Services Ass'n.*] will clarify the legal issues here and may help Defendant avoid unnecessary litigation costs.") (citations omitted).

On the other hand, the CFPB will not be prejudiced or burdened by a stay. While the CFPB may have an interest in exercising its enforcement authority, such exercise should not be rushed at the risk of subjecting Freedom to an unconstitutional enforcement action. *See id.* ("First, although a stay will delay Plaintiffs' litigation, it will not unduly prejudice Plaintiffs and may, in fact, advance their interests by providing the Court with guidance as to the quality, nature, and validity of their claims.") (citation omitted) (cleaned up). Additionally, the CFPB has already obtained information and documents from Freedom during its underlying investigation and references them in the Complaint. *See* Dkt 1 ¶¶ 17-28. Finally, there is no indication or reason to suspect that any additional evidence will be lost during an intervening stay.

### IV. THE COURT SHOULD STAY THIS CASE.

For the foregoing reasons, Freedom asks this Court to stay the present proceeding until the Supreme Court's decision in *Cmty. Fin. Services Ass'n*.

**REQUEST FOR HEARING PURSUANT TO LOCAL RULE 7.1(B)(2)**

Pursuant to Local Rule 7.1(b)(2), Freedom requests a hearing. Freedom believes that a hearing will assist this Court in evaluating the merits of this motion, including, but not limited to, the constitutional issues raised here and in *Cmty. Fin. Services Ass'n*. Accordingly, Freedom respectfully requests that this Court schedule a one-hour hearing.

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Dated: December 27, 2023         Respectfully submitted,

By: */s/ Herman J. Russomanno III*
    Herman J. Russomanno III
    Fla. Bar No. 21249
    herman2@russomanno.com

RUSSOMANNO & BORRELLO, P.A.
*Local Counsel for Defendant*
*Freedom Mortgage Corporation*
Museum Tower – Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

Mitchel H. Kider
Timothy P. Ofak
WEINER BRODSKY KIDER PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Tel: (202) 628-2000
Fax: (202) 628-2011
kider@thewbkfirm.com
ofak@thewbkfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on any and all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Herman J. Russomanno III*
Herman J. Russomanno III