UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:23-cv-81373- MIDDLEBROOKS-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION BUREAU
    Plaintiff,

vs.

FREEDOM MORTGAGE CORPORATION,
    Defendant.

_____/

**JOINT CONFERENCE REPORT AND DISCOVERY PLAN**

Plaintiff, the Consumer Financial Protection Bureau ("Bureau"), and Defendant Freedom Mortgage Corporation ("Freedom")(collectively with the Bureau, "Parties"), submit this Joint Conference Report and Discovery Plan ("Report"), pursuant to Federal Rule of Civil Procedure 26(f), the Court's Order (Doc. 16), and Local Rule 16. 1(b).

**CONFERENCE REPORT REQUIRED BY RULE 26(F) AND LR 16.1(B)**

On December 19, 2023, counsel for the Bureau and Freedom met and conferred as required by Rule 26(f). Emily Holness and Hallie Ryan participated on behalf of the Bureau, and Mitch Kider, Timothy Ofak, and Allison Scoggin participated on behalf of Freedom.

1. **Estimated valuation of the case:**

The Bureau's position is that civil money penalties are authorized under the CFPA, 12 U.S.C. § 5565(c) for Freedom's violations of the Home Mortgage Disclosure Act, 28 U.S.C. § 2801 *et seq.* ("HMDA"), its implementing Regulation C, 12 CFR Part 1003, and the 2019 Consent Order entered into by the Parties. Discovery will be needed to establish the appropriate

1

tier and amount of civil money penalties that should be assessed.

Freedom's position is that civil money penalties are not appropriate or warranted in this matter.

**2. Initial Disclosures pursuant to Rule 26(a)(1):**

The Parties agree to exchange Initial Disclosures on January 5, 2024.

**3. Subjects on which discovery may be needed:**

The Bureau's position is that the appropriate subjects for discovery in this matter center on establishing (a) the fact, magnitude, and cause of the errors made by Freedom in its submission of HMDA data to the Bureau; (b) the inadequacy of Freedom's compliance management systems to verify HMDA data, and identify and correct errors; (c) what and when Freedom knew about the inadequacy of its compliance management system and errors in its 2020 submission of HMDA data to the Bureau; and (d) the appropriate tier and amount of civil money penalties that should be assessed by the Court on Freedom.

Freedom's position is that it needs discovery on the acts, actions, and activities by the Bureau concerning what constitutes a HMDA violation, HMDA enforcement practices, and HMDA compliance across the mortgage industry. Freedom expects to seek discovery concerning, among other things, HMDA data fields, HMDA error rates, resubmission requests, and any related enforcement as to other independent mortgage companies and financial institutions. Furthermore, the Bureau is not the only government agency tasked with HMDA oversight as to other financial institutions, and Freedom intends to seek the same type of information from these other agencies (the National Credit Union Administration, the Secretary of Housing and Urban Development, the Office of the Comptroller of the Currency, the Federal Deposit Insurance Corporation, and the Board of Governors of the Federal Reserve System) as

well. *See* 12 U.S.C. § 2804(b). This information also goes to the gravity of any alleged violation, which is a mitigating factor under the Consumer Financial Protection Act, 12 U.S.C. 5565(c)(3)(B). Additionally, Freedom will seek discovery related to the 2019 Consent Order entered into between the parties. This discovery will include, among other things, documents and information concerning the CFPB's review of and non-objection to Freedom's compliance plan, as well as the Company's annual compliance progress reports.

4. **Stipulations to limit discovery on particular issues:**

The Parties will work together to obtain admissions and stipulations of fact that will avoid unnecessary proof at trial.

5. **What document discovery is needed:**

The Parties agree that their respective discovery requests will seek documents and electronically stored information concerning the topics identified by Plaintiff and Freedom in Section 3 above. The parties disagree regarding the relevance of the topics identified.

The Bureau's position is that the subjects identified by Freedom plainly fall outside the prescribed scope of discovery set forth in the in Federal Rules of Civil Procedure 26(b)(1). Freedom's proposed inquiries into extraneous topics unconnected to Freedom's own actions are not proportional to the needs of the case, will present an undue burden that outweighs any likely benefit, and, depending on the nature of the requests, may require the Bureau to seek a protective order or orders from the Court.

By submitting this Joint Discovery Plan, Freedom does not agree to the relevance of the topics identified by the Bureau. Freedom will timely raise any objections to the Bureau's discovery requests in accordance with the applicable rules of civil procedure. Freedom also strongly disagrees with the Bureau's premature objections to its topics, which will likely

necessitate discovery extensions. Finally, during the December 14 status conference with the Court, Freedom noted its intention to file a motion to stay the proceedings, which it filed earlier today. *See* Dkt 18. Freedom's position is that this Court should stay the present proceeding until the Supreme Court has issued its decision in *Cmty. Fin. Services Ass'n. v. Consumer Fin. Prot. Bureau* concerning the constitutionality of the CFPB's funding structure. 143 S. Ct. 978 (Feb. 27, 2023) *argument heard*, No. 22-448 (October 3, 2023).

6. **Whether discovery should be conducted in phases:**

The Parties agree that fact discovery concerning the matters stated in Paragraph 3 is necessary for any experts retained by the Parties to prepare informed reports. The Parties anticipate filing a joint motion proposing the following deadlines for phased expert discovery:

   A. March 7, 2024: Plaintiff's expert reports, if any, to be furnished.

   B. April 4, 2024: Defendant's expert reports, if any, to be furnished.

   C. April 18, 2024: Rebuttal expert reports, if any, to be furnished.

   D. May 2, 2024: Deadline for expert depositions.

In this way, the Court's other pretrial deadlines would remain unchanged, but the Parties will be able to provide any experts retained by the Parties with as much information as possible. The Court's current deadlines of January 25, 2024 and February 22, 2024 for the furnishing of expert reports do not allow for such a process.

7. **Whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and (a) the main information and discovery sought; (b) the expected costs of e-discovery; (c) whether alternatives to e-discovery are possible.**

The Parties expect the discovery process to involve electronically stored information. The

Parties do not foresee any alternative to e-discovery. The Parties have reviewed and intend to follow the ESI Checklist available on the Court's website while working cooperatively on electronic discovery.

Freedom is not in a position to estimate the e-discovery costs associated with discovery requests that have not yet been served.

The Bureau sent its first requests for production of documents on December 27, 2023.

8. **What individuals each side intends to depose:**

The Parties will discuss which individuals each side intends to depose. In general, the individuals will concern persons with knowledge of Freedom's HMDA collection and submission policies and processes, and HMDA monitoring and auditing processes and functions. Both Parties may seek 30(b)(6) testimony. Also, in addition to Bureau employees with knowledge of the topics it listed in Section 3 above, Freedom may seek depositions from the other federal agencies that oversee HMDA. Neither Party intends to depose more than 10 individuals.

9. **Any issues about claims of privilege or of protection as trial-preparation materials, including whether to ask the court to include their agreement in an order under FRE 502:**

The Parties are working together on a stipulated protective order that will address the production of confidential information and disclosure of privileged materials. As discovery progresses, the Parties will work together to discuss discovery burden and the forms of production in this matter.

**10. What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules:**

The Parties do not believe at the current time that changes need to be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules.

**11. Early Mediation or Settlement Conference:**

The Parties have previously engaged in settlement discussions and have agreed to continue these discussions when and if that may be productive. At this juncture, however, settlement does not appear realistic. To the extent the motion to dismiss has been ruled upon prior to the close of discovery, or the Court stays this matter, the Parties agree that a settlement conference or early mediation may be appropriate at that time.

Dated: December 27, 2023                                  Respectfully submitted,

*/s/ Emily Holness*
Emily Holness
Special Florida Bar ID A5503128
New York Bar No. 4947941

Hallie Ryan
Special Florida Bar ID A5503127
Virginia Bar No. 85927

Joseph Lake
Special Florida Bar ID A5503154
California Bar No. 246679

*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Email: emily.holness@cfpb.gov
Email: hallie.ryan@cfpb.gov

Email: joseph.lake@cfpb.gov

*Attorneys for Plaintiff*


*/s/ Herman J. Russomanno*
Herman J. Russomanno III
Fla. Bar No. 21249
herman2@russomanno.com

RUSSOMANNO & BORRELLO, P.A.
*Local Counsel for Defendant*
*Freedom Mortgage Corporation*
Museum Tower – Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

Mitchel H. Kider
Timothy P. Ofak
WEINER BRODSKY KIDER PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Tel: (202) 628-2000
Fax: (202) 628-2011
kider@thewbkfirm.com
ofak@thewbkfirm.com