**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE No: 23-cv-81373-MIDDLEBROOKS

CONSUMER FINANCIAL PROTECTION
BUREAU,

      Plaintiff,

v.

FREEDOM MORTGAGE CORPORATION

      Defendant.

_____/

**ORDER DENYING MOTION TO STAY**

THIS CAUSE comes before the Court on Defendant's Motion to Stay. (DE 18). Defendant seeks to stay this case pending the Supreme Court's decision in *Cmty. Fin. Servs. Ass'n of Am., Ltd.,* 143 S. Ct. 978 (Feb. 27, 2023) *argument heard*, No. 22-448 (October 3, 2023). Defendant represents that one of the grounds it has cited as a basis for removal in its Motion to Dismiss is that Plaintiff's funding structure is unconstitutional as a violation of the Appropriations Clause. (DE 17 at 19). The Fifth Circuit held that the funding structure is unconstitutional, and the Supreme Court heard oral argument to decide the issue. The Defendant represents that staying this proceeding will promote judicial economy and possibly prevent the Court form having to redo any of its efforts should the Supreme Court uphold the Fifth Circuit's decision.

Plaintiff opposes the Motion. In response, it argues that the decision might not come out until June 2024, that the Court could simply defer ruling on that issue in the meantime, that a delay would be contrary to the public interest as Plaintiff is seeking to enforce federal consumer financial laws, and that Defendant has not shown that an adverse decision would necessarily result in this case being dismissed. (DE 23).

I agree with Plaintiff. District courts have inherent "discretion to stay a case pending the resolution of related proceedings in another forum." *Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000). The Supreme Court has found that the party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936). I do not find that Plaintiff has made out such a case. For now, the Plaintiff is a valid agency that is entitled to enforce the consumer finance laws. Plaintiff has also not demonstrated that an adverse ruling regarding the funding structure will necessarily result in a dismissal of this case. Finally, the public has a strong interest in vigorous enforcement of consumer protection laws. Plaintiff points out that Defendant is one of the largest mortgage originators in the country and originates hundreds of thousands of mortgages a year. Enforcement actions such as these promote transparency and improve lending practices for the ultimate benefit of the public.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Stay (DE 18) is **DENIED**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 12th day of January, 2024.

Donald M. Middlebrooks
United States District Judge