# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

Case No. 9:23-cv-81373- MIDDLEBROOKS-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION BUREAU
Plaintiff,

vs.

FREEDOM MORTGAGE CORPORATION,
Defendant.

_____/

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff Consumer Financial Protection Bureau (Bureau) respectfully moves this Court for an order compelling Defendant Freedom Mortgage Corporation (Defendant) to fully respond to the Bureau's First Request for Production of Documents (Bureau's First RFPs) consistent with Instruction I in those Requests. Unless a Request specifies otherwise, Instruction I sets the relevant time period for each Request in the Bureau's First RFPs as June 5, 2019 to the present.[1] The relevant time period in Instruction I is consistent with the Bureau's allegations as well as the demand for relief set forth in its Complaint. There is no valid basis for Defendant to resist complying with that Instruction.

## BACKGROUND

The Bureau served its First RFPs on Defendant on December 27, 2023. *See* Ex. 1. The Bureau's First RFPs feature 15 Requests, all of which pertain to Defendant's compliance measures and actions concerning HMDA and Regulation C. Defendant provided its initial responses on January 26, in which it broadly asserted privileges over responsive documents and materials. *See* Ex. 2. Defendant also objected to the time period set forth in the Bureau's Instruction I, contending that the Bureau's allegations "are limited to the 2020 HMDA data Freedom submitted on February 26, 2021 and September 30, 2021." Defendant repeated some form of this objection to Instruction I in response to every Request in the Bureau's First RFPs.[2]

---

[1] Indeed, of the 15 Requests in the Bureau's First RFPs, at least four specify a relevant time period for responsiveness far shorter than the period set forth in Instruction I.
[2] Notably, in its own Request for Production of Documents, Defendant seeks, for nearly all Requests, responsive documents "from 2019 to the present," which is a longer relevant period than set forth in Instruction I in the Bureau's First RFPs, to which Defendant objects.

1

The parties met and conferred on February 12 regarding Defendant's January 26 responses. The Bureau sent a letter to Defendant later that evening confirming the Bureau's positions with respect to those responses, and requesting confirmation by February 16 regarding (among other things) whether Defendant would withdraw its objection to the relevant time period set forth in Instruction I and supplement its responses to the Bureau's First RFPs accordingly. *See* Ex. 3.

In its February 16 letter in response, Defendant stated "it does not object to the CFPB's proposed start date of relevance of June 5, 2019, but reserves the right to object to individual requests as appropriate." *See* Ex. 4. Defendant also "maintain[ed] its objection with respect to documents and information not already produced that were created after the end of 2021 that are not related to the 2020 HMDA data." Then, later in its February 16 response, regarding certain Requests, Defendant "reiterate[d] its objections to the production of documents that are not related to the 2020 HMDA data."

## ARGUMENT

Fed. R. Civ. P. 26(b)(1) "defines the scope of discovery as 'any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,' considering the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, and whether the burden of the discovery outweighs the likely benefit." *Kadiyala v. Pupke*, No. 17-80732-CIV, 2019 WL 3752654, at *2 (S.D. Fla. Aug. 8, 2019). "It is well established that the courts must employ a liberal standard in keeping with the purpose of the discovery rules." *Id.* "The respondent bears the burden of establishing a lack of relevancy or some other basis for resisting production." *Id.* "In other words, the respondent 'must show either that the requested discovery (1) does not come within the

2

broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure.'" *Id.* (quoting *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1526649, at *2 (S.D. Fla. May 22, 2007)).

By seeking to limit its responses to documents created before the end of 2021 (unless previously provided during the Bureau's preceding investigation),[3] Defendant ignores the relevance of documents created after 2021 to the allegations in the Bureau's Complaint and to its demand for relief. In Count I, the Bureau alleges Defendant's 2020 HMDA reporting errors were not bona fide within the meaning of Regulation C. *See* 12 C.F.R. § 1003.6(b)(1) (defining bona fide errors as "unintentional and occurred despite the maintenance of procedures reasonably adapted to avoid such an error"). Documents and information created after 2021 pertain (e.g., as points of comparison) to Defendant's compliance deficiencies with respect to its prior HMDA systems, procedures, and practices. Accordingly, the Bureau seeks, for example, in its RFP No. 1 "the policies, procedures, instructions, or training materials concerning HMDA or Regulation C" in effect on four key dates across the relevant time period: the effective date of the 2019 Consent Order the Bureau alleges Defendant violated in Count II; the dates of Defendant's initial and revised HMDA data submissions in 2021; and the date the Bureau filed its Complaint in this action. Similarly, in its RFP No. 14, the Bureau seeks Defendant's "reports, root-cause assessments, conclusions, or recommendations related to [its] HMDA submissions."[4] By limiting its responses to documents created

---

[3] Defendant's final document production in connection with the Bureau's Civil Investigation Demand issued during that investigation came in April 2022.
[4] Defendant's continued objection concerning relevant time period also obscures what Defendant deems responsive to certain Requests in the Bureau's First RFPs. For

3

before the end of 2021 (unless previously provided during the Bureau's investigation), Defendant deprives the Bureau of a crucial view into how Defendant's reports, assessments, or recommendations concerning HMDA submissions later in the relevant period (as sought by RFP No. 14) may have evolved or compared to those created in connection with its 2020 data submissions.

Documents created after 2021 are also relevant to the Bureau's demand for relief, including the Bureau's request for injunctive relief and the statutory factors courts shall consider in determining the amount of any civil money penalty under 12 U.S.C. § 5565(c)(3). Regarding injunctive relief, more recent documents and information—for example, Defendant's recent policies and procedures concerning HMDA compliance, or recent reports or recommendations concerning HMDA submissions—are particularly relevant to whether "there is a cognizable danger of recurrent violation." *FTC v. Cap. Choice Consumer Credit, Inc.*, No. 02-21050 CIV, 2004 WL 5149998, at *43 (S.D. Fla.

---

example, in its January 26 response to RFP No. 14, Defendant cited more than 5,000 Bates-numbered documents that it produced during the Bureau's investigation that "***may be responsive***" (emphasis added). Defendant stated the same 5,000 Bates-numbered documents "may be responsive" to RFP No. 12 (seeking documents related to sampling, quality control, or validation testing of HMDA data conducted between February 27, 2021, and September 30, 2021), as well as for RFP No. 10 (seeking documents related to sampling, quality control, or validation testing of HMDA data conducted before February 26, 2021), despite the different time periods for those Requests, while also objecting to each Request "to the extent it seeks documents not related to the 2020 HMDA data[.]" In its forthcoming production, which Defendant has committed to providing by March 15, the Bureau expects that Defendant will address such deficiencies. *See, e.g.*, *ABX Logistics (USA), Inc. v. Menlo Logistics, Inc*, No. 09-CV-12792, 2011 WL 824683, at *2 (E.D. Mich. Mar. 7, 2011) ("Defendant's response identifying two blocks of bates numbered documents (totaling 289 pages) 'as documents that *may* be responsive' does not comply with Rule 34." (emphasis in original)); *AIM Immunotech, Inc v. Tudor*, No. 5:22-CV-323-GAP-PRL, 2023 WL 3975996, at *3 (M.D. Fla. June 13, 2023) ("Defendants cannot simply refer to the production made in the Delaware action. Instead, they must produce the discovery *in this action* and identify which documents are responsive to each of Plaintiff's specific discovery requests." (emphasis in original)).

Feb. 20, 2004), *aff'd*, 157 F. App'x 248 (11th Cir. 2005). Indeed, Defendant has already challenged the Bureau's injunction request at the Rule 12 stage. *See, e.g.*, Dkt. 17 at 19. In sum, there is no basis on relevancy grounds for Defendant to unliterally withhold responsive, non-privileged documents created after 2021 when responding to the Bureau's First RFPs.

Along with relevancy, in its February 16 response letter, Defendant contended for the first time that "expanding the scope of discovery to other years that are related to other [i.e., non-2020] HMDA data" was also "burdensome," "not proportionate to the needs of the case," and would not be "even feasible under the Court's scheduling order." To be clear, the Bureau issued its First RFPs on December 27, 2023; discovery is not scheduled to close until April 2024. Defendant's objection is particularly hollow given that it has declined to re-produce documents responsive to the Bureau's First RFPs if Defendant had previously produced the document to the Bureau during the investigation. Indeed, as of today, Defendant has not produced any documents to the Bureau in response to its First RFPs. In short, lacking specificity or grounding, Defendant's argument that the relevant time period set forth in Instruction I of the Bureau's First RPFs is "burdensome" or otherwise "not proportionate to the needs of the case" amounts to a boilerplate objection that should be rejected.

## CONCLUSION

For the foregoing reasons, the Bureau respectfully moves the Court to compel Defendant to comply with Instruction I in its First RFPs for its forthcoming supplemental responses to those Requests.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), and paragraph 1 of the Court's Order Setting

5

Discovery Procedure, I hereby certify that counsel for the Bureau has met-and-conferred with Defendant in good faith but have been unable to resolve the issues presented in this Motion.

Dated: February 23, 2024                                                        Respectfully Submitted,

<u>/s/ Charles Eric Mothander</u>
Charles Eric Mothander
Special Florida Bar ID A5503180
DC Bar No. 1032539

Emily Holness
Special Florida Bar ID A5503128
New York Bar No. 4947941

Hallie Ryan
Special Florida Bar ID A5503127
Virginia Bar No. 85927

Joseph Lake
Special Florida Bar ID A5503154
California Bar No. 246679

*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW Washington, DC 20552

Email: charles.mothander@cfpb.gov
Email: emily.holness@cfpb.gov
Email: hallie.ryan@cfpb.gov
Email: joseph.lake@cfpb.gov

*Attorneys for Plaintif*

6

## CERTIFICATE OF SERVICE

      I hereby certify that on February 23, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will provide automatic notice to the below listed counsel of record.

    Herman J. Russomanno III
    RUSSOMANNO & BORRELLO, P.A.
    Museum Tower – Penthouse
    2800 150 West Flagler Street
    Miami, Florida 33130
    Telephone: (305) 373-2101
    Facsimile: (305) 373-2103
    Herman2@russomanno.com

    Mitchel H. Kider
    Timothy P. Ofak
    Charles Cooper
    WEINER BRODSKY KIDER PC
    1300 19th Street NW, Fifth Floor
    Washington, DC 20036
    Tel: (202) 628-2000
    Fax: (202) 628-2011
    kider@thewbkfirm.com
    ofak@thewbkfirm.com
    cooper@thewbkfirm.com

/s/ Charles Eric Mothander
Charles Eric Mothander
Special Florida Bar ID A5503180
DC Bar No. 1032539
