# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

Case No. 9:23-cv-81373- MIDDLEBROOKS-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION BUREAU
Plaintiff,

vs.

FREEDOM MORTGAGE CORPORATION,
Defendant.

_____/

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

## INTRODUCTION

Defendant Freedom Mortgage Corporation's (Defendant) Opposition confirms the need for an order compelling the production of responsive materials consistent with the relevant time period in the Consumer Financial Protection Bureau's (Bureau) First Request for Production of Documents (Bureau's First RFPs). In its Opposition, Defendant maintains its tenuous position that it should not have to produce any responsive documents created after those provided in early 2022 in response to a January 2022 Civil Investigative Demand (CID), because such documents are not relevant to the Bureau's Complaint. But Defendant seemingly fails to recognize the dissonance in its argument that responsive documents previously provided to the Bureau in early 2022 are sufficiently relevant, but responsive documents created in any month that followed are not. The time period specified in Instruction I in the Bureau's First RFPs is relevant and proportional to its allegations and demand for relief. The Bureau respectfully seeks an Order requiring Defendant to comply with it.

## BACKGROUND

Defendant devotes considerable space in its Opposition (and accompanying declaration) to describing the steps it took in early 2022 to respond to the CID the Bureau issued as part of its investigation. Of course, Defendant's obligations to comply with that January 2022 CID are distinct from those with respect to the Bureau's First RFPs, issued pursuant to Fed. R. Civ. P. 26 and 34 in December 2023. At issue here, and the reason for the Bureau's pending Motion, is Defendant's resistance to complying with the relevant time period set forth in Instruction I when responding to certain Requests

1

in the First RFPs.[1]

In light of the Court's recent Order requiring the parties to fully address their conferral efforts, *see* Dkt. 42, the Bureau confirms the parties conferred for over an hour on February 12 regarding Defendant's January 26 objections and responses to the Bureau's First RFPs. Defendant's objection to Instruction I in the First RFPs came up several times during that conferral; indeed, in its January 26 responses, Defendant repeated some form of its objection in response to every Request. *See* Mot. at 1.[2] Later that evening, the Bureau confirmed its position regarding the relevancy of responsive documents that may have been created before or after Defendant's 2020 HMDA data submissions. *See* Dkt. 39-3. But Defendant maintained its objection to producing any responsive documents created after 2021 (or otherwise not previously provided to the Bureau in early 2022), *see* Dkt. 39-4, leading to the Bureau's Motion.

## ARGUMENT

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ.

---

[1] Defendant refers to Instruction I as "a general instruction applicable to all discovery requests[.]" Opp. at 1. Of the 15 Requests in the Bureau's First RFPs, at least four specify a relevant time period for responsiveness far shorter than the period set forth in Instruction I (June 5, 2019 to the present). *See* Mot. at 1; *see also* Dkt. 39-1.

[2] Defendant contends for the first time in its Opposition that its objection to Instruction I is distinct from a "related" objection that documents "with no connection to or bearing on Freedom's 2020 HMDA submissions are outside the scope of discovery." Opp. at 1. As made clear in the Bureau's Motion, and in the Bureau's February 12 correspondence to Defendant, Defendant's objection to limit its forthcoming productions to a narrower time period and to its 2020 HMDA data submissions is coextensive and premised on relevancy, and has been treated as such by the parties until now. *See* Mot. at 1 ("Defendant repeated some form of this objection to Instruction I in response to every Request in the Bureau's First RFPs."); Dkt. 39-3 at 1 ("Freedom's Objection to Instruction I (all RFPs) . . . Freedom repeats its objection ("not related to the 2020 HMDA data") with respect to every Request in the Bureau's First RFPs[.]").

P. 26(b)(1). Non-privileged documents and information responsive to the Bureau's First RFPs that Defendant seeks to withhold relate to, among other things, Defendant's HMDA systems, procedures, and practices during the relevant period (RFP No. 1). These include documents directly bearing on Defendant's sample testing, quality control, and validation measures concerning its HMDA data submissions (modified RFP No. 6), and assessments or recommendations concerning those submissions (RFP No. 14). Such responsive documents are relevant to the Bureau's allegations—including its allegations that Defendant's HMDA procedures were not reasonably adapted to avoid the errors in Defendant's 2020 HMDA data submissions—as well as its demand for relief. These documents are solely within Defendant's control, and important to the issues in this case.

In its Opposition, Defendant flatly asserts that the Bureau has not met its burden to prove that the responsive documents it seeks are relevant. Opp. at 3. While Defendant cites two cases from outside this district to support its burden-shifting argument, the law in this district is clear: "[T]he burden of showing that the requested discovery is not relevant to the issues in the case is on the party resisting discovery." *O'Bryan v. Joe Taylor Restoration, Inc.*, No. 20-CV-80993, 2021 WL 633948, at *2 (S.D. Fla. Feb. 18, 2021), *objections overruled*, No. 9:20-CV-80993-WPD, 2021 WL 2000368 (S.D. Fla. Apr. 19, 2021) (quoting *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001)). Defendant has not met this burden, and it may not dictate its own relevant time period when responding to Requests within the Bureau's First RFPs.

Defendant's sole argument for resisting the production of responsive documents created after 2021 (or otherwise not previously provided to the Bureau in early 2022) is

its contention that "[t]he CFPB's Complaint is premised only on Freedom's 2020 HMDA data." Opp. at 4. As explained in its Motion, the Bureau alleges in its Complaint that Defendant's 2020 HMDA reporting errors were not "bona fide" within the meaning of Regulation C, *see* 12 C.F.R. § 1003.6(b)(1), such that those reporting errors constituted violations of HMDA, *see* Compl. ¶¶ 22–28 ("Freedom Failed to Maintain Procedures Reasonably Adapted to Avoid Errors, and Its Errors Were Not Bona Fide"). Accordingly, through its First RFPs, the Bureau seeks, among other responsive documents, the "policies, procedures, instructions, or training materials concerning HMDA or Regulation C" (RFP No. 1) Defendant had in place on the date the Bureau filed its Complaint, as well as those in place on the dates of Defendant's 2020 HMDA data submissions and on the date of the Bureau's 2019 Consent Order with Defendant. Comparing Defendant's procedures across these key dates will help the Bureau to expose Defendant's procedural gaps and also, significantly, to determine which of those gaps may have persisted beyond the 2021 submission dates.

      Likewise, the Bureau seeks reports, assessments, or recommendations concerning Defendant's HMDA submissions (RFP No. 14) across the relevant time period for insights into whether Defendant's risk and audit systems identified any compliance deficiencies, and which (of any) recommended changes Defendant adopted (whether before or after its 2020 HMDA data submissions). While Defendant does not discuss the Bureau's bona fide error allegations in its Opposition, the Bureau anticipates Defendant will raise the issue at length later in this litigation.

      Finally, Defendant cannot credibly dispute that documents created after 2021 (or otherwise not previously provided in early 2022) remain relevant to the Bureau's demand for relief, including the Bureau's request for injunctive relief and the statutory

factors courts shall consider in determining the amount of any civil money penalty under 12 U.S.C. § 5565(c)(3). *See* Mot. at 4. In its Opposition, Defendant ignores the Bureau's point regarding statutory factors entirely. Regarding injunctive relief, Defendant repackages its argument above, contending whether there is a cognizable danger of recurrent violation is "irrelevant to the claims in this lawsuit." Opp. at 4. Defendant's alleged violations of HMDA through its 2020 HMDA data submissions does not, of course, rule out the likelihood of a future violation. *See, e.g.*, *FTC v. Netran Dev. Corp.*, No. 05-22223-CIV, 2006 WL 8433430, at *1 (S.D. Fla. June 12, 2006) ("[P]ast illegal conduct is highly suggestive of the likelihood of future violations."). Indeed, the Bureau's allegations date to a 2019 Consent Order finding that Defendant had violated HMDA for years. Defendant's post-2021 policies and procedures addressing HMDA compliance, as well as reports and recommendations concerning its more recent submissions, are particularly relevant to this question of future violations.

## CONCLUSION

For the reasons above and in the Bureau's pending Motion, the Bureau respectfully moves the Court to compel Defendant to comply with the relevant time period set forth in Instruction I and, accordingly, Fed. R. Civ. P. 26, for its forthcoming supplemental responses to the Bureau's First RFPs.

Dated: March 8, 2024                                              Respectfully Submitted,

/s/ Charles Eric Mothander
Charles Eric Mothander
Special Florida Bar ID A5503180
DC Bar No. 1032539

Emily Holness
Special Florida Bar ID A5503128

5

New York Bar No. 4947941

Hallie Ryan
Special Florida Bar ID A5503127
Virginia Bar No. 85927

Joseph Lake
Special Florida Bar ID A5503154
California Bar No. 246679

*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW Washington, DC 20552

Email: charles.mothander@cfpb.gov
Email: emily.holness@cfpb.gov
Email: hallie.ryan@cfpb.gov
Email: joseph.lake@cfpb.gov

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 8, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will provide automatic notice to the below listed counsel of record.

  Herman J. Russomanno III
  RUSSOMANNO & BORRELLO, P.A.
  Museum Tower – Penthouse
  2800 150 West Flagler Street
  Miami, Florida 33130
  Telephone: (305) 373-2101
  Facsimile: (305) 373-2103
  Herman2@russomanno.com

  Mitchel H. Kider
  Timothy P. Ofak
  Charles Cooper
  WEINER BRODSKY KIDER PC
  1300 19th Street NW, Fifth Floor
  Washington, DC 20036
  Tel: (202) 628-2000
  Fax: (202) 628-2011
  kider@thewbkfirm.com
  ofak@thewbkfirm.com
  cooper@thewbkfirm.com

/s/ Charles Eric Mothander
Charles Eric Mothander
Special Florida Bar ID A5503180
DC Bar No. 1032539
