# EXHIBIT D



1700 G Street NW, Washington, D.C. 20552

March 20, 2024

Timothy P. Ofak, Esq.
Weiner Brodsky Kider PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
ofak@thewbkfirm.com

Dear Mr. Ofak,

This letter concerns Freedom Mortgage Corporation's (Freedom) Interrogatory No. 6, as modified.[1] The Bureau will not substantively respond to this Interrogatory because the requested information: (i) constitutes confidential supervisory information protected by law enforcement and bank examination privilege; (ii) is not relevant to the subject matter of this case—i.e., Freedom's violations of law; and (iii) is not proportional to the needs of the case and imposes an undue burden on the Bureau that outweighs any likely benefit. The Bureau remains willing to continue to meet and confer in an effort to resolve this matter without Court intervention.

Interrogatory No. 6 originally stated:

> 6. Since 2019, if you required any covered institution to resubmit HMDA data after you identified errors, as that term is used in ¶ 35 of the Complaint, identify the following for each such resubmission:
>
> a. The name of the covered institution;
> b. The date the HMDA data was submitted in accordance with 12 C.F.R. § 1003.5(a)(1)(i);

---

[1] The Bureau has agreed to respond substantively to Interrogatory No. 7.

**consumerfinance.gov**

    c.   The date the HMDA data was resubmitted; and
    d.   The total number of changed data entries.

The Bureau submitted its Responses on February 23 and objected to Interrogatory No. 6. On March 12, the parties held a meet-and-confer in which the Bureau explained its objections to Interrogatory No. 6, including that it was irrelevant to the Bureau's claims or any defenses Freedom could assert, that the requested information was privileged, and responding to it would be unduly burdensome and disproportionate to the needs of the case.

On March 25, you sent the Bureau an email and asked whether the Bureau would substantively respond to a modified Interrogatory No. 6, as follows:

> 6. Since 2019, if any covered institution resubmitted HMDA data, identify the following for each such resubmission:
>
>     a.   *A placeholder identifier instead of providing the name of the covered institution;*
>     b.   The date the HMDA data was submitted in accordance with 12 C.F.R. § 1003.5(a)(1)(i);
>     c.   The date the HMDA data was resubmitted; and
>     d.   The total number of errors, as that term is used in ¶ 35 of the Complaint, in the original HMDA submission (emphasis added).

The Bureau reiterates its objections and will not respond to Interrogatory No.6 as modified. The request still seeks confidential supervisory information protected by the bank examination privilege and law enforcement investigatory privilege. *See* 12 C.F.R. § 1070.2(i)(2), defining confidential supervisory information to include "Any documents, materials, or records . . . for the use of the CFPB . . . in the exercise of supervisory authority over a financial institution, and any information derived from such documents, materials, or records." Substituting a placeholder identifier for the names of the covered institutions does not make the information any less confidential. Due to the multiple ways the Bureau discloses non-confidential HMDA data to the public,[2] the name of each covered institutions would be identifiable despite efforts to anonymize the data. What's more, in order to accurately respond with the "*total* number of errors" in a HMDA submission, the Bureau would have to include the number of errors in Data

---

[2] See FFIEC Home Mortgage Disclosure Act, HMDA Data Publication, available https://ffiec.cfpb.gov/data-publication/2022.

Fields including credit score and mortgage loan NMLS identification number. Information in those Data Fields, and others, is confidential and not disclosed to the public.

Even if Interrogatory No. 6 could be further modified to seek only information related to non-confidential data and to ensure the anonymity of the other institutions, at core, information about other entities' HMDA data is wholly irrelevant to the Bureau's claim that *Freedom* violated HMDA and the 2019 Consent Order. That is what is at issue in this matter.

Freedom has argued that this information is relevant to the required factors courts must consider when assessing civil monetary penalties, specifically the "gravity of the violation." 12 U.S.C. § 5565(c)(3). But the conduct of other institutions has no bearing on the gravity of Freedom's violations.

Even if the information was relevant, "relevancy and proportionality . . . must be considered in conjunction." William Matthewman, *Towards a New Paradigm for E-Discovery in Civil Litigation: A Judicial Perspective*, 71 Fla. L. Rev. 1261, 1273 (2019). In light of the tremendous resources that would be required to gather and analyze the information necessary to respond, Freedom's request is disproportionate to the needs of the case. Freedom seeks information about other institutions' "errors in violation of HMDA" – that is, the word "error" as used in Paragraph 35 of the Complaint. As Freedom is aware, an error in HMDA Data does not violate HMDA when it is "bona fide." Nearly 4,400 mortgage lenders filed HMDA data for 2022 alone and voluntary resubmissions are common, particularly in the days following the annual HMDA data filing deadline. A response to Interrogatory No. 6 would require the Bureau to individually analyze numerous filers that resubmitted data and to assess whether an error was bona fide, as the Bureau did with Freedom before filing its Complaint in this case.[3] Taking into account the "common-sense concept of proportionality," requiring such an effort in view of the needs of this case is clearly unwarranted. Chief Justice John Roberts, *2015 Year–End Report on the Federal Judiciary*.[4]

For these reasons, the Bureau declines to respond to the Interrogatory, including as modified.

Sincerely,

---

[3] See Complaint ¶ 20.

[4] Available at https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.

Hallie Ryan
Senior Counsel
Consumer Financial Protection Bureau