UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **CONSUMER FINANCIAL PROTECTION BUREAU**, *Plaintiff*, v. **FREEDOM MORTGAGE CORPORATION**, *Defendant.* | CASE NO: 9:23-cv-81373-DMM |

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S
MOTION TO COMPEL DISCOVERY OF INFORMATION REGARDING
CIVIL MONEY PENALTIES**

The CFPB has refused to provide discovery on the CMPs it is seeking in spite of its obligation to disclose that information as part of its initial disclosures, to answer Freedom's interrogatory seeking that information, or to provide corporate testimony on its related policies. Freedom accordingly seeks an order compelling the CFPB to fulfill its discovery obligations and provide information about CMPs through supplemental disclosures, an amended fulsome answer to Freedom's interrogatory, and deposition testimony.

## I.
## THE CFPB WILL NOT PROVIDE DISCOVERY ON CMPS

The CFPB has frustrated Freedom's right to discover information about the civil money penalties it seeks: (A) the CFPB did not update its Initial Disclosures with a computation of CMPs after stating it needed discovery to do so; (B) it failed to answer Freedom's interrogatory asking for a total amount of CMPs sought and the calculation used to reach that amount; and (C) its corporate witness refused to answer questions about its policies on seeking CMPs at its corporate deposition.

**A.      The CFPB failed to update its Initial Disclosure with required information.**

In the CFPB's Initial Disclosures, at 6 (Jan. 5, 2024), attached as Exh. A, it does not provide a "computation of each category of damages" it claims, as required by Federal Rule of Civil Procedure 26(a)(1)(iii). Instead, the CFPB asserts, "Discovery is needed to determine the appropriate tier and amount of civil money penalties that should be assessed." *Id.* The CFPB never supplemented this Disclosure to provide a computation or any other notice about the CMPs it will seek in this case.

**B.      The CFPB failed to fully answer Freedom's interrogatory about CMPs.**

Having received no computation of CMPs from the CFPB as part of its Initial Disclosures, Freedom propounded its Interrogatory No. 12:

> Identify the total damages and/or civil money penalties you seek, and your method of calculation thereof.

1

Case 9:23-cv-81373-DMM   Document 64   Entered on FLSD Docket 05/15/2024   Page 3 of 8

In response, the CFPB once again failed to provide the total amount of CMPs the CFPB will seek and the specific calculation the CFPB will argue is the appropriate measure of CMPs in this case:

> [T]he Bureau states that it seeks that the Court impose a civil money penalty against Defendant in an amount authorized by the CFPA, 12 U.S.C. § 5565(c), based primarily on the total number of errors in Freedom's 2020 HMDA LAR submitted on February 26, 2021, and accounting for the statutory factors listed in 12 U.S.C. § 5565(c)(3).

Pl.'s Answ. Def.'s Interrogs. No. 12 (Apr. 18, 2024), attached as Exh. B.

**C.   The CFPB's corporate witness was not prepared to answer questions about the CFPB's policies on CMPs.**

When the line of questioning at the CFPB's corporate deposition turned to CMPs and the CFPB's policies in determining the proper amount of CMPs to seek, the CFPB's counsel asserted the work-product privilege and instructed the witness not to answer, made improper assertions ("The document speaks for itself."), and stated objections to the scope of the deposition questions. Depo. of Rebeccah Bower 172:5-173:17 (Apr. 17, 2024), excerpted as Exh. C. The CFPB's corporate witness took this direction from counsel and refused to answer, saying she had not been prepared to discuss the CFPB's policies on CMPs:

> Yeah. I'm not going to – this is not within the topics that I was designated to testify about, and so I don't think it's appropriate for me to testify on behalf of the CFPB with respect to what words in this document mean. So I'm not prepared to answer that as a 30(b)(6) designee of the Bureau.

*Id.* 173:18-174:3.

But that is not true—the topic of the CFPB's policy on CMPs *was* within the scope of topics on which the CFPB designated Ms. Bower to testify. Pursuant to Rule 30(b)(6), Freedom provided the CFPB notice that it would examine its corporate witness about several matters, including "10.  The CFPB's 'supervisory policy' for addressing 'error-related issues,' including, without limitation, its 'internal procedures

2

and guidelines for citing a financial institution for inaccurate data,' as stated at 80 Fed. Reg. 66,255." Matter for Exam. #10 for CFPB's Depo., Exh. A to Amend. Not. Rule 30(b)(6) Depo. of Pl. CFPB (Apr. 12, 2024), attached as Exh. D. And the CFPB designated Ms. Bower to testify as to that Matter for Examination: "The identity of the person designated to testify remaining the other [sic] Matters for Examination [other than Interrogatories Nos. 2 and 6] is Rebeccah Bower, Assistant Litigation Deputy in the Division of Enforcement." Email from E. Holness, CFPB counsel, to C. Cooper, Freedom counsel (Apr. 15, 2024), attached as Exh. E. The CFPB's corporate witness confirmed her understanding that the CFPB designated her to testify about these policies during her deposition. Bower Depo. 17:2-18:4 (testifying that she was designated for all topics except the CFPB's responses to Interrogatories Nos. 2 and 6).

## II.
### THE COURT SHOULD COMPEL THE CFPB TO FULFILL ITS DISCOVERY OBLIGATIONS

The CFPB is required to provide information to Freedom about the CMPs it seeks. The CFPB should have provided that information as a supplement to its Initial Disclosure, in answer to Freedom's Interrogatory No. 12, and through the testimony of its corporate witness about its policies in determining the proper amount of CMPs. But the CFPB has refused to provide this information at all. For this reason, the Court should compel the CFPB to provide the information sought about CMPs.

**A.     The CFPB is obligated to provide information about CMPs to Freedom.**

Freedom is entitled to discover information about the CMPs the CFPB is seeking against it. That information is clearly—and Freedom believes undisputedly—relevant to both the CFPB's claims and Freedom's defenses. In fact, Rule 26(a)(1)(iii) requires the CFPB to provide an initial disclosure of its "computation of each category of damages" even "without awaiting a discovery request." In the conference between counsel on this Motion, the CFPB has claimed that Rule 26(a)(1)(iii)'s requirement is for *damages* rather than *civil money penalties*—but that is certainly a new understanding of this

3

requirement by the CFPB, which had previously made an Initial Disclosure suggesting it needed discovery in order to provide the required information: "Discovery is needed to determine the appropriate tier and amount of *civil money penalties* that should be assessed." Pl.'s Init. Discl. 6 (emphasis added). Based on this disclosure, Freedom expected the CFPB to later supplement its Initial Disclosure to provide the "computation" required by Rule 26(a)(1)(iii). But the CFPB never did.

Nevertheless, as the discovery period was coming to a close and the CFPB had not supplemented its Initial Disclosure, Freedom propounded its Interrogatory No. 12, asking the CFPB to "[i]dentify the total damages and/or civil money penalties you seek, and your method of calculation thereof." Pl.'s Answ. Def.'s Interrogs. No. 12. Rule 33(b)(3) requires that "each interrogatory must, to the extent it is not objected to, be answered separately and *fully*." Although the CFPB did not object to Interrogatory No. 12, it wholly failed to answer it—it provided neither the total civil money penalties it is seeking nor the method of calculation to reach that amount. Pl.'s Answ. Def.'s Interrogs. No. 12.

Similarly, the CFPB's corporate witness would not answer questions about the CFPB's policies on CMPs at the CFPB's corporate deposition, ultimately stating that she was not prepared to do so. Bower Depo. 173:18-174:3. Rule 30(b)(6) requires that a designated corporate witness "must testify about the information known or reasonably available to the organization." Freedom's counsel was attempting to elicit testimony about the CFPB's written policies for determining the proper amount of CMPs—which is clearly information known to the CFPB. Bower Depo. 171:20-174:3; CFPB, Policies and Procedures Manual Office of Enforcement (Sept. 2018), Exh. 14 to the Bower Depo. Thus, the CFPB failed to prepare its witness to answer questions about its policies on CMPs in violation of Rule 30(b)(6).

**B.      The Court should compel discovery from the CFPB on CMPs.**

Freedom is entitled to discovery about the CMPs the CFPB is seeking from it. The Court should compel the CFPB to provide a full disclosure of its computation of CMPs pursuant to Rule 37(a)(3)(A)—otherwise, the Court should preclude the CFPB from suggesting any specific amount of CMPs to the fact finder. *See Willson v. Bank of Am., N.A.*, No. 15-cv-14303, 2016 U.S. Dist. LEXIS 188647, at *24-25 (S.D. Fla. May 2, 2016); *Avrett v. Festival Fun Parks, Ltd. Liab. Co.*, No. 15-cv-80526, 2016 U.S. Dist. LEXIS 5285, at *9 (S.D. Fla. Jan. 15, 2016). Similarly, the Court should compel the CFPB to answer Freedom's Interrogatory No. 12 seeking the total amount of civil money penalties the CFPB seeks and its method of calculation for those pursuant to Rule 37(a)(3)(B)(iii). Finally, the Court should compel the CFPB to prepare and make its corporate witness available to provide testimony about the CFPB's policies on CMPs pursuant to Rule 37(a)(3)(B)(ii). *Seich v. Boppy Co., Ltd. Liab. Co.*, 344 F.R.D. 476, 481-2 (N.D. Fla. 2023). In a nutshell, Freedom is seeking the Court's help in obtaining discovery about CMPs, to which it is entitled.

### III.
### CONCLUSION

For the reasons stated above, Freedom asks this Court to grant this Motion in its entirety and enter an order compelling the CFPB to

  (a) supplement its initial disclosure to provide a computation of the CMPs it is seeking,

  (b) amend its answer to Interrogatory No. 12 to fully answer the Interrogatory and provide both the total amount of CMPs it is seeking as well as its calculation to reach that amount, and

  (c) prepare and make available its corporate representative to provide testimony about its policies on CMPs; and

  (d) award to it all other relief to which it has shown itself justly entitled.

**CERTIFICATION OF CONFERRAL**

I hereby certify that in compliance with Local Rule 7.1 and paragraph 1 of the Court's Order Setting Discovery Procedure, counsel for Freedom met and conferred with counsel for the CFPB in good faith but were unable to resolve the issues presented in this motion.

Dated: May 15, 2024

Respectfully submitted,

Mitchel H. Kider
kider@thewbkfirm.com
Timothy P. Ofak
ofak@thewbkfirm.com
Charlie Cooper
cooper@thewbkfirm.com
Joseph Katz
katz@thewbkfirm.com
WEINER BRODSKY KIDER PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Tel: (202) 628-2000
Fax: (202) 628-2011

/s/ Herman J. Russomanno III
Fla. Bar No. 21249
herman2@russomanno.com
RUSSOMANNO & BORRELLO, P.A.
*Local Counsel for Defendant*
*Freedom Mortgage Corporation*
Museum Tower – Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 15, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will provide automatic notice to the below listed counsel of record:

Emily Holness
emily.holness@cfpb.gov
Hallie Ryan
hallie.ryan@cfpb.gov
Joseph Lake
joseph.lake@cfpb.gov
Eric Morthander
charles.mothander@cfpb.gov
Samuel Weinstock
samuel.weinstock@cfpb.gov
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552

               /s/ Herman J. Russomanno III