UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CONSUMER FINANCIAL PROTECTION BUREAU**,

*Plaintiff*,

v.

**FREEDOM MORTGAGE CORPORATION**,

*Defendant.*

CASE NO: 9:23-cv-81373-DMM

# DEFENDANT FREEDOM MORTGAGE CORPORATION'S ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Freedom Mortgage Corporation (Freedom) respectfully submits this Answer to Plaintiff Consumer Financial Protection Bureau's (CFPB) Complaint.

To the extent Plaintiffs' unnumbered introductory paragraph and any section or subsection headings are to be construed as allegations, they are denied.

With respect to the numbered paragraphs, Freedom answers as follows:

1. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph, which address Congress's intentions in passing the Home Mortgage Disclosure Act (HMDA), and therefore denies them. The remainder of the paragraph is a statement of law or legal conclusion, and it is denied.

2. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

3. The first sentence of this paragraph is a statement of law or legal conclusion, and it is denied. Freedom admits that in 2019, Freedom entered into a consent order with the CFPB. The remainder of the paragraph is denied.

4. Denied.

5. Denied.

6. Denied.

7. This paragraph is a statement of law or legal conclusion, and it is denied.

8. This paragraph is a statement of law or legal conclusion, and it is denied.

9. This paragraph is a statement of law or legal conclusion, and it is denied.

10. Freedom admits that it is a privately owned mortgage lender with its principal place of business in Boca Raton, Florida. The remainder of the paragraph is denied.

11. This paragraph is a statement of law or legal conclusion, and it is denied.

12. This paragraph is a statement of law or legal conclusion, and it is denied.

13. This paragraph is a statement of law or legal conclusion, and it is denied.

14. Freedom admits that, in 2020, it originated more than 389,000 loans, including home-purchase refinance loans, and reported an additional approximately 389,000 applications and purchased loans. The remainder of this paragraph is denied.

15. Freedom admits that, in 2021, it originated more than 360,000 loans, including home-purchase refinance loans, and reported an additional approximately 379,000 applications and purchased loans. The remainder of this paragraph is denied.

16. Admitted.

17. Freedom admits that, in June 2019, Freedom entered into a consent order with the CFPB. The remainder of the paragraph is denied.

18. Freedom admits that, on February 26, 2021, Freedom submitted its 2020 HMDA data to the CFPB. The remainder of the paragraph is denied.

19. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

20. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, and therefore denies them. The second sentence of this paragraph is a statement of law or legal conclusion, and it is denied.

21. Freedom admits that it resubmitted its 2020 HMDA data on September 30, 2021 to make changes to certain of the data contained in its initial submission. The remainder of the paragraph is denied.

22. Denied.

23. Denied.

    a. Denied.

      b. Denied.

      c. Denied.

24. Freedom admits that its internal audit team assigned an audit rating of "Needs Improvement." The remainder of the paragraph is denied.

25. Freedom admits that the internal audit report contained the language quoted in this paragraph. The remainder of the paragraph is denied.

26. Freedom admits that the internal audit report contained a "High Risk" finding. The remainder of the paragraph is denied.

27. Freedom admits that, at the time of the 2020 HMDA data submission, the 2019 consent order was still in effect. The remainder of the paragraph is denied.

28. Denied.

29. Freedom incorporates its responses to the preceding paragraphs as if restated herein. Otherwise, denied.

30. This paragraph is a statement of law or legal conclusion, and it is denied.

31. This paragraph is a statement of law or legal conclusion, and it is denied.

32. This paragraph is a statement of law or legal conclusion, and it is denied.

33. Denied.

34. Denied.

35. Denied.

36. Freedom incorporates its responses to the preceding paragraphs as if restated herein. Otherwise, denied.

37. This paragraph is a statement of law or legal conclusion, and it is denied.

38. This paragraph is a statement of law or legal conclusion, and it is denied.

39. This paragraph is a statement of law or legal conclusion, and it is denied.

40. Denied.

41. Denied.

42. Freedom incorporates its responses to the preceding paragraphs as if restated herein. Otherwise, denied.

43. This paragraph is a statement of law or legal conclusion, and it is denied.

44. This paragraph is a statement of law or legal conclusion, and it is denied.

45. Denied.

WHEREFORE, Freedom respectfully requests that the Court enter judgment in its favor.

## AFFIRMATIVE DEFENSES

Without conceding that Freedom bears the burden of proof or the burden of persuasion as to any matter set forth in the following paragraphs, Freedom asserts the following:

1. The Complaint fails to state a claim upon which relief may be granted.

2. HMDA and Regulation C are unconstitutionally vague, fail to give fair notice, and fail to provide substantive due process, and they are therefore void and unenforceable facially or as applied to Freedom under the Due Process clause of the Fifth Amendment to the United States Constitution.

3. The CFPB's claims are barred by the doctrines of waiver, estoppel, and/or acquiescence because the CFPB had knowledge of Freedom's policies, procedures, practices, and plans for compliance with the 2019 Consent Order and issued a non-objection letter permitting Freedom to implement those policies, procedures, and practices.

4. The CFPB may not seek the civil penalties stated in its complaint, which are barred by the prohibition on excessive fines contained in the Eighth Amendment to the United States Constitution in that the CFPB seeks to impose grossly disproportionate civil penalties because no loss to the government or consumer harm occurred.

5. The mitigating factors contained in 12 U.S.C. § 5565(c)(3)(B) operate to minimize any civil money penalty that may be awarded.

6. It is the CFPB's burden to prove, as an element of each of its claims, that Freedom violated HMDA or Regulation C, that any error in Freedom's 2020 HMDA LAR was not "unintentional" and that Freedom did not maintain "procedures reasonably adapted to avoid such an error." 12 C.F.R. § 1003.4(a), .6(b). As an alternative pleading, to avoid waiver of any affirmative defense, Freedom asserts that any error in Freedom's 2020 HMDA LAR was "unintentional and occurred despite the maintenance of procedures reasonably adapted to avoid such an error." Freedom does not assume any burden of proof not legally required of it in making this alternative allegation.

## DEMAND FOR JURY TRIAL

Freedom hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed. Additionally, Freedom is entitled to a jury under the Seventh Amendment of the Constitution because the CFPB is seeking civil money penalties in this case. *See Jarkesy v. SEC*, 34 F.4th 446, 459 (5th Cir. 2022), *petition for certiorari granted*, No. 22-859 (Mar. 8, 2023).

Dated: May 16, 2024              Respectfully submitted,

                                 By:  /s/ *Herman J. Russomanno III*
                                     Herman J. Russomanno III
                                     Fla. Bar No. 21249
                                     herman2@russomanno.com

                                     RUSSOMANNO & BORRELLO, P.A.
                                     *Local Counsel for Defendant*
                                     *Freedom Mortgage Corporation*
                                     Museum Tower – Penthouse 2800
                                     150 West Flagler Street
                                     Miami, Florida 33130
                                     Telephone: (305) 373-2101
                                     Facsimile: (305) 373-2103

                                     Mitchel H. Kider
                                     Timothy P. Ofak
                                     Charlie Cooper
                                     Joseph Katz
                                     WEINER BRODSKY KIDER PC
                                     1300 19th Street NW, Fifth Floor
                                     Washington, DC 20036
                                     Tel: (202) 628-2000
                                     Fax: (202) 628-2011
                                     kider@thewbkfirm.com
                                     ofak@thewbkfirm.com
                                     cooper@thewbkfirm.com
                                     katz@thewbkfirm.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on May 16, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will provide automatic notice to the below listed counsel of record:

Emily Holness
emily.holness@cfpb.gov
Hallie Ryan
hallie.ryan@cfpb.gov
Joseph Lake
joseph.lake@cfpb.gov
Eric Mothander
Charles.mothander@cfpb.gov
Samuel Weinstock
Samuel.weinstock@cfpb.gov
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552

               /s/ *Herman J. Russomanno III*
               Herman J. Russomanno III