# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

Case No. 9:23-cv-81373- MIDDLEBROOKS-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION BUREAU
      Plaintiff,


vs.

FREEDOM MORTGAGE CORPORATION,
      Defendant.

_____/


# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE
# SUBSEQUENT REMEDIAL MEASURES

## INTRODUCTION

Defendant Freedom Mortgage Corporation (Freedom) moves this Court to exclude highly relevant evidence of the deficiencies in Freedom's HMDA compliance policies, procedures, and practices by mischaracterizing this evidence as "subsequent remedial measures" under Federal Rule of Evidence 407, and by arguing that any probative value of such evidence is substantially outweighed by their prejudicial effect. *See* Dkt. 92. Freedom's Motion should be denied. None of this evidence falls within the purview of Rule 407 nor is it a remedial measure within the meaning of the Rule. Instead, this evidence is highly probative of a central issue in this case: that Freedom did not maintain procedures reasonably adapted to avoid its 2020 HMDA reporting errors. Freedom's Internal Audit—the only evidence Freedom describes with any particularity in its Motion—assessed Freedom's HMDA compliance from September 1, 2020 to August 31, 2021, and thus encompasses Freedom's February 2021 HMDA submission. Freedom is not entitled to the exclusion of such key evidence merely because it is damaging to its defense.

## BACKGROUND

The Bureau alleges that Freedom's February 26, 2021 submission of its 2020 HMDA data contained widespread and significant errors. *See* Compl. ¶ 18. The Bureau further alleges that these errors are not "bona fide" because Freedom did not maintain procedures reasonably adapted to avoid those errors at the time of its submission. *See id.* ¶¶ 22–28; *see also* 12 C.F.R. § 1003.6(b)(1). Accordingly, the Bureau alleges that Freedom's 2020 reporting errors violated HMDA and Regulation C. *See id.* ¶¶ 29–35. These violations occurred while Freedom was subject to a 2019 Consent Order with the Bureau, which required Freedom to comply with HMDA and to make improvements to its HMDA compliance management systems. *See* Compl. ¶ 17; Dkt. 87-2 at ¶ 29.[1]

In its Motion, Freedom moves the Court to exclude two categories of relevant evidence as "subsequent remedial measures." The first category is evidence related to an internal audit of Freedom's HMDA program ("Internal Audit"). Def.'s Ex. A, Dkt. 92-1. The Internal Audit reviewed Freedom's HMDA compliance during the period September 1, 2020 to August 31, 2021, and included a findings section and management action plans discussing planned steps to

---

[1] The Bureau further alleges that Freedom violated § 1036(a)(1)(A) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5536(a)(1)(A), by virtue of its violations of HMDA and Regulation C, as well as its violation of the 2019 Consent Order. *See* Compl. ¶¶ 36–45.

address those findings. *See id.* The Internal Audit identified deficiencies in Freedom's HMDA policies, procedures, and practices for the time period during which Freedom was collecting, recording and reporting the 2020 HMDA LAR at the center of this case. *Id.* at 3. The second category of evidence Freedom seeks to exclude is all evidence of HMDA policies, procedures, and practices implemented after Freedom resubmitted its 2020 HMDA data on September 30, 2021—that is, evidence that shows how Freedom's policies, procedures, and practices could have reasonably been designed to avoid its 2020 HMDA reporting errors. Neither category meets the standards for exclusion under either Fed. R. Evid. 407 or Fed. R. Evid. 403.

## LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds. The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (internal citations omitted) (Middlebrooks, J.). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.*

## ARGUMENT

### A. The challenged evidence is outside the purview of Rule 407.

Rule 407 bars evidence of subsequent measures taken "that would have made an earlier injury or harm less likely to occur." Fed. R. Evid. 407. Thus, Rule 407 does not apply in cases where recovery is not being sought for any injury or harm. *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 428 (5th Cir. 2006). Here, the Bureau does not—and is not required to—allege that there was consumer injury or harm, and is not seeking damages; rather, the Bureau is alleging that Freedom submitted inaccurate HMDA data and did not have reasonable procedures designed to detect data errors, and the Bureau is seeking a civil money penalty in accordance with the CFPA. Compl. ¶¶ 22–28; *see also* 12 C.F.R. § 1003.6(b)(1).

More broadly, Rule 407 "rests on a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Fed. R. Evid. 407, Advisory Comm. Notes. Because of this safety rationale, exclusions of evidence under Rule 407 typically occur in cases with allegations that sound either in tort or the employment context. *See* 23 Fed. Prac. & Proc. Evid. § 5285 (2d ed.) ("Almost all of the cases and commentary

concerning subsequent remedial measures evidence presupposes a suit for personal injuries"). Indeed, all of the cases Freedom cites in support of its Motion involve personal injuries or harms tied to employment. *See Prescott v. CSX Transp., Inc.*, No. 5:12-cv-013, 2013 U.S. Dist. LEXIS 40438, at *6 (S.D. Ga. Mar. 22, 2013) (foot injury); *Williams v. Asplundh Tree Expert Co.*, No. 3:05-cv-479, 2006 U.S. Dist. LEXIS 73238, at *16 (M.D. Fla. Oct. 6, 2006) (employment discrimination and wrongful discharge); *Mitchell v. Royal Caribbean Cruises, Ltd.*, 2013 U.S. Dist. LEXIS 186339, at *4–5 (S.D. Fla. June 7, 2013) (slip and fall aboard cruise ship); *Lizarazo v. Greaves*, 2018 U.S. Dist. LEXIS 228674, at *7 (S.D. Fla. June 20, 2018) (police use of excessive force); *IVC US, Inc. v. Linden Bulk Transp. SW, LLC*, 2017 U.S. Dist. LEXIS 217863, at *23 (N.D. Ga. April 4, 2017) (involving the transportation of hazardous chemicals, a context with obvious public and personal safety implications).

Where, as here, the Bureau is not seeking to recover damages for consumer injury or harm, and the purpose underlying Rule 407 does not apply, Freedom's argument should be rejected.

**B. Freedom's Internal Audit is not a remedial measure under Rule 407.**

In its Motion, Freedom argues that because the Internal Audit report was issued after Freedom filed its 2020 HMDA Data, and because the audit team "did not review loan or application data prior to the second quarter of 2021," the Internal Audit Report and the fact of the audit itself are remedial measures that should be excluded from evidence to show Freedom's culpability. Dkt. 92 at 2. The Internal Audit report captures the state of HMDA compliance at Freedom between September 1, 2020 and August 31, 2021—during which time Freedom submitted its error-laden HMDA LAR at the center of this case. The Internal Audit indeed recommends that HMDA compliance improvements be made—but the Internal Audit findings themselves are not remedial measures. *See, e.g.*, *Godelia v. Zoll Servs., LLC*, No. 16-60471-CIV, 2019 WL 3883682, at *2 (S.D. Fla. Aug. 16, 2019) (finding that an audit report was not a subsequent remedial measure).

Rule 407 only bars evidence of "measures" that "are taken," not documents detailing deficiencies. *See* Fed. R. Evid. 407. Accordingly, courts interpreting Rule 407 distinguish "remedial measures" covered by the Rule from investigations or analysis "which by themselves do not make the accident less likely to occur." *Prescott v. CSX Transp., Inc.*, No. CV512-013, 2013 WL 1192820, at *2 (S.D. Ga. Mar. 22, 2013) ("Post-accident reports and investigations can

be distinguished from actual remedial measures, even if the report itself recommends such measures be taken."); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1343 (5th Cir. 1978) (The report "was not, in itself, a remedial measure taken. Hence, the threshold requirements for invoking [Rule 407] are absent.");[2] *Benitez-Allende v. Alcan Alumino Do Brasil, S.A.*, 857 F.2d 26, 33 (1st Cir. 1988) (internal investigative report that "preceded repairs" "would not have made the event less likely to occur" and was admissible) (internal quotation marks omitted), *cert. denied*, 489 U.S. 1018 (1989). Because Freedom's Internal Audit was not itself a "remedial measure," Freedom's argument should be rejected on this additional ground as well.

### C. Freedom's post-September 30, 2021 HMDA CMS changes were not voluntary.

Freedom also argues that "updated policies, procedures, and practices after the resubmission of its 2020 HMDA data on September 30, 2021 . . . were implemented to improve Freedom's HMDA data collection and reporting," and are therefore inadmissible under Rule 407. Dkt. 92 at 3. However, Freedom's Motion wrongly implies that the company implemented these changes voluntarily.

"Rule 407 does not apply to a remedial measure that was taken without the voluntary participation of the defendant." *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1302 (11th Cir. 2007); *see also Rozier*, 573 F.2d at 1343 (where a remedial measure was to be required by the National Highway Safety Administration, and not out of a sense of social responsibility, it did not fall within the Rule 407 exception); *SEC v. Uzzi*, No. 01-8437-CIV, 2003 WL 1342962, at *1 (S.D. Fla. Jan. 21, 2003) (holding that "neither the intent nor the policy underlying Rule 407 support the exclusion of" measures that "were not at all voluntary"); *Pineda v. Ford Motor Co.*, 520 F. 3d 237, 246 n.13 (3d Cir. 2008) (noting exception to Rule 407 for remedial action mandated by "superior governmental authority, such as a regulatory agency").

In this case, the 2019 Consent Order required the company to take "affirmative actions" to improve its HMDA compliance systems, including requirements to "develop, implement, and maintain policies, procedures, and internal controls to ensure compliance . . . with HMDA and Regulation C." Dkt. 87-2 at ¶ 29.a. The CMS changes Freedom made post-September 30,

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (decisions of the "old Fifth" Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit).

2021—after it resubmitted its 2020 HMDA Data—were required under the 2019 Consent Order. As actions mandated by the government, they cannot be excluded pursuant to Rule 407.

**D.  The challenged evidence is also admissible for other purposes.**

Even if the Court were to find Freedom's Internal Audit or post-September 2021 HMDA CMS changes constitute remedial measures—and they are not—such evidence would still be admissible for "another purpose" under Rule 407. Rule 407 explicitly provides that evidence of subsequent remedial measures may still be admitted for purposes other than for proving negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction. *See* Fed. R. Evid. 407 ("[T]he court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures.").

Here, there would be several permissible purposes for the admission of the challenged evidence, including to prove that Freedom could have implemented post-September 2021 HMDA CMS changes prior to its submission of its error-filled 2020 HMDA data; as evidence relevant to the Bureau's Demand for Relief, and in particular its demand for injunctive relief; and as impeachment evidence.

**E.  The challenged evidence is highly relevant, probative, and not unfairly prejudicial.**

Finally, Freedom makes conclusory statements that the Internal Audit and changes to its HMDA CMS compliance program have "no probative value" to the Bureau's claims and should be excluded under Rule 403. Dkt. 92 at 3. At its core, this is an attempt to exclude key pieces of evidence because they are damaging to Freedom's defense. The reality is that the Internal Audit that Freedom seeks to exclude is highly probative of a central issue in this case—whether Freedom "maintained procedures reasonable adapted to avoid the errors" it has admitted to— because the Internal Audit team reviewed the HMDA compliance program that was in place during the time that Freedom collected, recorded, and submitted its 2020 HMDA data. *See* Dkt. 92-1 at 2 (review period September 1, 2020 to August 31, 2021).

Freedom also baldly asserts that evidence related to unspecified policy changes "that were not in effect at the time . . . presents the potential to confuse the finder of fact." Dkt. 92 at 3. Freedom essentially argues that a jury will not be able to distinguish between the state of Freedom's HMDA CMS at the time of its error-filled 2020 HMDA LAR submission, and the CMS-related changes it made after September 2021. But the facts of this case are not

5

complicated, and there is no reason to believe the jury would be confused at all, much less to the degree that would be necessary for any prejudice to outweigh the probative value of the evidence. "Simply because the evidence is damaging or prejudicial to a defendant's case does not mean, however, that the evidence should be excluded." *United States v. Terzado-Madruga*, 897 F.2d 1099, 1119 (11th Cir. 1990); *see also Kuppinger v. JM.JZ Enterprises, Inc.*, No. 21-80492-CV, 2021 WL 8972441, at *2 (S.D. Fla. Oct. 19, 2021) ("Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." (Middlebrooks, J.)); *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."). That the Internal Audit and post-September 2021 CMS changes damage Freedom's defense to liability in this case does not merit their exclusion.

## CONCLUSION

For the foregoing reasons, Freedom's Motion should be denied.

Dated: May 31, 2024

Respectfully Submitted,

<u>/s/  Emily Holness</u>
Emily Holness
Special Florida Bar ID A5503128
New York Bar No. 4947941

Charles Mothander
Special Florida Bar ID A5503180
DC Bar No. 1032539

Hallie Ryan
Special Florida Bar ID A5503127
Virginia Bar No. 85927

Joseph Lake
Special Florida Bar ID A5503154
California Bar No. 246679

Samuel Weinstock
Special Florida Bar ID A5503195

Maryland Bar No. 2211290261

*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW Washington, DC 20552

Email: emily.holness@cfpb.gov
Email: charles.mothander@cfpb.gov
Email: hallie.ryan@cfpb.gov
Email: joseph.lake@cfpb.gov
Email: samuel.weinstock@cfpb.gov

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will provide automatic notice to the below listed counsel of record.

Herman J. Russomanno III
RUSSOMANNO & BORRELLO, P.A.
Museum Tower – Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103
Herman2@russomanno.com

Mitchel H. Kider
Timothy P. Ofak
Charles Cooper
Joseph M. Katz
WEINER BRODSKY KIDER PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Tel: (202) 628-2000
Fax: (202) 628-2011
kider@thewbkfirm.com
ofak@thewbkfirm.com
cooper@thewbkfirm.com
katz@thewbkfirm.com

/s/ Emily Holness
Emily Holness
Special Florida Bar ID A5503128
New York Bar No. 4947941