UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **CONSUMER FINANCIAL PROTECTION BUREAU**, <br><br> *Plaintiff,* <br><br> v. <br><br> **FREEDOM MORTGAGE CORPORATION**, <br><br> *Defendant.* | CASE NO: 9:23-cv-81373-DMM |

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S
MEMORANDUM OF LAW OPPOSING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Consumer Financial Protection Bureau ("CFPB") moved for summary judgment without any evidence to support some of the alleged violations of the Home Mortgage Disclosure Act ("HMDA") in this action; and a genuine dispute of material fact exists for the allegations it does purport to support with evidence. Additionally, the CFPB has advanced no evidence to show its entitlement to a permanent injunction against Defendant Freedom Mortgage Corporation ("Freedom"). Finally, the determination of whether any civil money penalty should be awarded is intrinsically a determination of fact and is inappropriate for summary judgment.

The Court may enter summary judgment only when the moving party carries its burden to show there is *no* genuine dispute of material fact. *Stuart Cay Marina v. M/V Special Delivery*, 510 F. Supp. 2d 1063, 1066 (S.D. Fla. 2007) (Middlebrooks, J.) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)). In assessing whether the movant has met its burden, the court should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Id.* (citing *Adickes*, 398 U.S. at 157). Even when the parties agree on the basic facts, but reasonable minds might differ on the inferences arising from the undisputed facts, then the court should deny summary judgment. *Id.* (citing *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982)). Furthermore, because the movant has the burden, summary judgment must be denied unless it properly supports the motion with evidence, even if the non-movant does not offer any of its own evidence. *Id.* The party opposing a motion for summary judgment need not respond to it with any affidavit or other evidence unless and until the movant has properly supported its motion with sufficient evidence. *Id.* (citing *Adickes*, 398 U.S. at 160).

Here, the CFPB has failed to carry its burden to show that there is no genuine dispute of material fact on its claims. It has established neither Freedom's liability for HMDA violations nor its entitlement to any remedy—neither a permanent injunction

1

nor a civil money penalty. Therefore, the Court should deny the CFPB's Motion for Summary Judgment (DE 85).

## I.
### THERE IS A FACTUAL DISPUTE WHETHER FREEDOM'S ERRORS WERE BONA FIDE

The Court cannot grant summary judgment to the CFPB on any of its three claims because each claim is based on Freedom's alleged violation of HMDA, and there is a genuine factual dispute as to whether the errors alleged meet the elements necessary to prove a HMDA violation. An error is only a violation of HMDA if it is either intentional or occurred in the absence of procedures reasonably adapted to avoid the error. *See* 12 C.F.R. § 1003.6(b)(1). Otherwise, the error is "bona fide" and is not a violation of HMDA. *See id.* Here, the CFPB has not put forth any evidence (nor even alleged) that any error in Freedom's HMDA data was intentional. *See* Compl. (DE 1), *generally*; Pl.'s Mot. S.J. (DE 85), *generally*. Instead, the CFPB alleges only that the errors occurred in the absence of procedures reasonably adapted to avoid such errors. *Id.*

But the CFPB fails to advance evidence or even argument that any of the alleged errors on which it seeks summary judgment was not bona fide (i.e., that Freedom lacked procedures reasonably adapted to avoid the errors). In its Motion for Summary Judgment, the CFPB is completely silent on 67,436 of the total 155,420 alleged errors on which it seeks summary judgment. The CFPB's remaining arguments that errors were not bona fide lack evidentiary support. Finally, Freedom's expert's testimony creates a genuine dispute of material fact that Freedom maintained procedures reasonably adapted to avoid errors. The Court should accordingly deny the CFPB's Motion for Summary Judgment.

A. **The CFPB does not even attempt to show that 67,436 of the alleged errors violate HMDA.**

Any error in Freedom's HMDA data was a bona fide error—and for thousands of the errors alleged by the CFPB, it does not even attempt to point to any evidence to the contrary. Throughout its Motion for Summary Judgment, the CFPB attempts to establish that there is no genuine dispute that Freedom's 2020 HMDA data contained 155,420 errors, and that each of those errors is a violation of HMDA. At 4, 6, 14, 17. But for ***67,436*** of those errors (155,420 total errors alleged minus the 87,984 errors discussed in the CFPB's Motion for Summary Judgment and in § I.B. below), the CFPB offers ***no*** evidence to support its argument that the error occurred in the absence of procedures that were reasonably adapted to avoid errors. Because the CFPB carries the burden on its Motion for Summary Judgment, the Court cannot grant summary judgment in the CFPB's favor without some evidence to support its claim that these 67,436 errors violate HMDA. *See Stuart Cay Marina,* 510 F. Supp. 2d at 1066 (citing *Clemons*, 684 F.2d at 1368-69) (summary judgment must be denied unless the movant properly supports the motion with evidence). The Court must therefore deny the CFPB summary judgment on 67,436 of the errors it alleges as HMDA violations.

B. **The CFPB has no evidence to support the remaining alleged violations.**

Because the CFPB cannot show that Freedom lacked procedures reasonably adapted to avoid errors, it instead focuses on just ***one*** primary tool Freedom utilized to avoid errors—QuestSoft—and purports to show only that ***that*** tool is not geared toward avoiding errors in the action taken, purchaser type, lender credits, debt-to-income ratio, and combined loan-to-value fields. Pl.'s Mot. S.J. 9. The CFPB does not point to any evidence establishing that Freedom had ***no*** procedure in place to avoid these errors. *See id., generally.* Without any such evidence, the CFPB's Motion for Summary Judgment must be denied, and Freedom is relieved of any obligation to

3

marshal its own evidence in response. *See Stuart Cay Marina,* 510 F. Supp. 2d at 1066 (citing *Adickes*, 398 U.S. at 160) (unless the movant supports its motion for summary judgment with evidence, the motion must be denied and the opposing party need not respond with any evidence).

In addition to attacking QuestSoft, the CFPB attempts to support its Motion for Summary Judgment with information provided by Freedom to explain the root causes of several different types of changes that were made to its 2020 HMDA filing. Pl.'s Mot. S.J. 10-11. But nothing in Freedom's explanation of these root causes shows that it had no procedure in place to avoid errors. *Id.* In fact, the CFPB itself elicited testimony from Cynthia Berman, Freedom's Chief Compliance Officer who oversaw day-to-day work on the preparation of the HMDA submission, that Freedom had procedures in place to avoid at least one of those types of errors: errors relating to fields on subordinate lien loans (which the CFPB characterizes as "Mismatched information between loan files with the same borrower or applicant"; Pl.'s Mot. S.J. 10). Def.'s SOF ¶ 45 [Depo. of Cynthia Berman 148:24-149:2 & 149:22-150:2 (DE 87-7)]. Pointing to Freedom's explanation of the root causes does not show that Freedom had no procedures to avoid errors. Because the CFPB has failed to carry its burden to support its Motion for Summary Judgment with evidence to show that Freedom lacked procedures that were reasonably adapted to avoid errors, the Court should deny that Motion.

**C.     Freedom's expert's testimony gives rise to a genuine dispute of material fact.**

Freedom's expert, Heidi Wier, testified that Freedom's procedures were reasonably adapted to avoid errors:

> So based on the policies and procedures that I reviewed as well as the fact that their rates of changes were consistent with other lenders, and the nature of the changes were consistent with what I've seen in the industry,

4

> therefore, I'm concluding that their policies and procedures were reasonably adapted to avoid errors.

Def.'s SOF ¶ 99 [Depo. of Heidi Wier 125:14-20 (May 2, 2024), attached as Exh. A]. This testimony gives rise to a genuine dispute of material fact as to whether all of the errors alleged by the CFPB are bona fide and therefore not violations of HMDA. *See* 12 C.F.R. § 1003.6(b)(1) (An error is not a violation if it "occurred despite the maintenance of procedures reasonably adapted to avoid such an error.") The Court should accordingly deny the CFPB's Motion for Summary Judgment.

## II.
### THE CFPB CANNOT ENFORCE ITS OBEY-THE-LAW INJUNCTION

For all the reasons stated in Section III of Freedom's Motion for Summary Judgment (DE 90), the CFPB cannot enforce the obey-the-law injunction in its 2019 Order against Freedom. Accordingly, the Court should deny the CFPB's Motion for Summary Judgment on Count II.

## III.
### THE CFPB DOES NOT SHOW ITS ENTITLEMENT TO AN INJUNCTION

Even if the Court were to adopt the non-controlling law posited by the CFPB ("A permanent injunction is appropriate where there is some reasonable likelihood of future violations." Pl.'s Mot. S.J. 16.), the CFPB has provided no evidence to show "some reasonable likelihood of future violations." Instead, it argues that because there have been prior violations, a likelihood of future violations is established. *Id.* First, as discussed in § I above, the CFPB has not established any HMDA violation with evidence that Freedom did not maintain procedures reasonably adapted to avoid errors. Second, even if the CFPB could establish a violation (it cannot), that would not *ipso facto* establish a likelihood of future violations—otherwise, *every* violation would establish the likelihood of future violations and the requirement to establish a likelihood of future

5

violations would be completely superfluous to the requirement to establish underlying liability. There is no evidence that Freedom is likely to have future violations of HMDA, and so the CFPB cannot point to any such evidence. Thus, the Court should deny the CFPB's Motion for Summary Judgment seeking injunctive relief.

## IV.
### THE APPROPRIATE AMOUNT OF ANY CMP IS AN UNRESOLVED FACT ISSUE

The determination of the proper amount of any civil money penalty to be assessed is inherently a determination of fact that must be undertaken by the fact finder. Perhaps because this task is so blatantly inappropriate for summary judgment, the CFPB does not even attempt to take on the necessary analysis of weighing the appropriate factors and balancing the interests of justice. Instead, it seems to make the implication that because the maximum statutory penalty for 155,420 alleged reckless violations of HMDA is over $5 billion, the *mere* $20 million it is seeking is a reasonable penalty. Pl.'s Mot. S.J. 17-18. This argument fails to establish the complete absence of any genuine dispute of material fact with respect to the proper amount of civil money penalties. And even this figure of 155,420 violations is in dispute—both as discussed in Section There Is a Factual Dispute Whether Freedom's Errors Were Bona FideI above and, more fundamentally, as shown by testimony from the CFPB's corporate representative, in which its designated corporate witness could not testify as to the proper way to tally violations. Def.'s SOF ¶ 101 [Depo. of Rebeccah Bower 148:15-149:3 (Apr 17, 2024), attached as Exh. B].

When the Court takes up this issue of fact, it must assure the amount of any civil money penalty is appropriate by considering five statutory mitigating factors: (A) the size of financial resources and good faith of the person charged; (B) the gravity of the violation or failure to pay; (C) the severity of the risks to or losses of the consumer; (D) the history of previous violations; and (E) such other matters as justice may require.

6

12 U.S.C. § 5565(c)(3).  But the CFPB has put almost no evidence before the Court on any of these factors.

In fact, the CFPB has provided *no* evidence as to the size of Freedom's financial resources, the gravity of the alleged HMDA violations, and the severity of the risks to or losses of any consumer.  *See* Pl.'s Mot. S.J., *generally*.  (Indeed, the CFPB did not allege in its Complaint that any consumer was harmed; and Freedom would vigorously contest such an allegation.)  The CFPB's Motion for Summary Judgment seeking CMPs should be denied on this basis alone.  *See Stuart Cay Marina,* 510 F. Supp. 2d at 1066 (citing *Clemons*, 684 F.2d at 1368-69) (summary judgment must be denied unless the movant properly supports the motion with evidence).

Even if the Court were to consider the meager evidence the CFPB offers in support of civil money penalties (and it should not), that evidence is subject to competing inferences and summary judgment should therefore be denied.  *Id.* (if reasonable minds might differ on the inferences arising from the undisputed facts, then the court should deny summary judgment).  For example, the CFPB argues that Freedom's resubmission of its HMDA data after its examination shows "minimal" good faith.  Pl.'s Mot. S.J. 17-18.  But there is no evidence or argument that Freedom was uncooperative during the examination or in complying with the requirement to resubmit its HMDA data—in fact, there is no allegation that Freedom's resubmission contained any error.  *See id.*, *generally*.  Given this context, it would be fair to draw the inference that Freedom in fact did work in good faith to cooperate with the CFPB and report accurate HMDA data.  Because the CFPB's evidence is subject to more than one reasonable inference, the Court must reserve this issue for the fact finder and deny the CFPB's Motion for Summary Judgment.

And that is before even considering the evidence Freedom would offer.  For example, the CFPB's corporate testimony establishes that HMDA violations do not result in harm to the consumer, and no allegation of consumer harm is made in this

case.  Def.'s SOF ¶ 102 [Bower Depo. 163:12-164:2].  Likewise, the errors alleged against Freedom are not grave.  The overall accuracy rate of Freedom's HMDA data was 99.8%.  Def.'s SOF ¶ 100 [Wier Depo. 100:17].  This translates to a 0.2% overall error rate, which shows that Freedom's errors were not pervasive or serious and could not have gravely obstructed HMDA's purpose to provide information about mortgage lending to the public.

Freedom is not required to respond with all of its evidence here on summary judgment, where it is inappropriate to resolve these fact issues—these are just two examples to illustrate the fact-intensive task incumbent upon the factfinder, which renders summary judgment on the amount of civil money penalties altogether inappropriate.  Particularly when taken together, the evidence on each of the five statutory mitigating factors could lead to many varied inferences and conclusions about the appropriate amount of civil money penalties to assess against Freedom, if any at all.  For that reason, the Court must deny the CFPB's Motion for Summary Judgment seeking civil money penalties.

## V.
### THE COURT SHOULD DENY THE CFPB'S MOTION FOR SUMMARY JUDGMENT

For these reasons, Freedom requests that the Court deny the CFPB's Motion for Summary Judgment in its entirety.

Dated: May 31, 2024                                   Respectfully submitted,

 /s/  *Herman J. Russomanno III*
Mitchel H. Kider
kider@thewbkfirm.com
Timothy P. Ofak
ofak@thewbkfirm.com
Charlie Cooper
cooper@thewbkfirm.com
Joseph Katz
katz@thewbkfirm.com
WEINER BRODSKY KIDER PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Tel: (202) 628-2000
Fax: (202) 628-2011

RUSSOMANNO & BORRELLO, P.A.
*Local Counsel for Defendant*
*Freedom Mortgage Corporation*
Museum Tower – Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 31, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will provide automatic notice to the below listed counsel of record:

Emily Holness
emily.holness@cfpb.gov
Hallie Ryan
hallie.ryan@cfpb.gov
Joseph Lake
joseph.lake@cfpb.gov
Eric Mothander
charles.mothander@cfpb.gov
Samuel Weinstock
samuel.weinstock@cfpb.gov
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552

                                                           /s/ *Herman J. Russomanno III*