UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **CONSUMER FINANCIAL PROTECTION BUREAU**, <br><br> *Plaintiff*, <br><br> v. <br><br> **FREEDOM MORTGAGE CORPORATION**, <br><br> *Defendant.* | CASE NO: 9:23-cv-81373-DMM |

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Freedom Mortgage Corporation ("Freedom") has shown its entitlement to summary judgment of dismissal on the legal bases that (1) neither the Home Mortgage Disclosure Act ("HMDA") nor the Consumer Financial Protection Act ("CFPA") allows Plaintiff Consumer Financial Protection Bureau (the "CFPB") to bring an action solely to enforce HMDA in federal district court, and (2) the CFPB cannot enforce its obey-the-law injunction.

The CFPB's arguments in opposition should be rejected out of hand. First, the CFPB argues—against all canons of statutory construction (and common sense)—that the CFPA says one thing (the CFPB may not bring a CFPA claim in federal court solely for a HMDA claim) but means another (HMDA's statute of limitations governs any CFPA claim the CFPB brings in federal court for a HMDA violation). Then, the CFPB admits that HMDA violations are enforced only through the CFPA but illogically argues that HMDA has its own enforcement provision pursuant to which the CFPB may bring a claim. Finally, the CFPB grasps at arguments to overcome the prohibition against enforcement of obey-the-law injunctions—it ignores controlling law, attempts to falsely distinguish a closely analogous Eleventh Circuit case, and cites to other cases that are superseded, not controlling, or distinguishable on their face. Because Freedom has shown its entitlement to summary judgment on legal grounds and the law does not support the CFPB's claims, the Court should grant summary judgment of dismissal to Freedom.

## I.
### THE CFPB ASKS THE COURT TO IGNORE THE PLAIN MEANING OF STATUTORY TEXT SO IT CAN MAINTAIN ITS CFPA CLAIMS IN FEDERAL COURT

Because the plain meaning of the CFPA precludes the CFPB from bringing this HMDA enforce action in federal district court, the CFPB asks the Court to hold that the statutory provision at issue means something completely different than what it says. But "Congress says in a statute what it means and means in a statute what it says

there." *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019) (quoting *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992)).  Accordingly, the Court must give effect to the plain meaning of the CFPA's statutory text, which includes a carve-out from the types of enforcement claims the CFPB may pursue through a lawsuit in federal district court:

> (A) In general.  An action arising under this title does not include claims arising solely under enumerated consumer laws.
>
> (B) Bureau authority.  In any action arising solely under an enumerated consumer law, the Bureau may commence, defend, or intervene in the action in accordance with the requirements of that provision of law, as applicable.

12 U.S.C. § 5564(g)(2).

The CFPB argues against giving a straightforward construction to these provisions even though it does not (and cannot) argue that they are ambiguous.  *See* Pl.'s Opp. to Def.'s Mot. S.J. 2-5 (DE 100).  Indeed, their meaning is quite clear on their face: (A) claims arising solely under enumerated consumer laws, including HMDA, do not give rise to an action (i.e., "an action in court," *id.* 2), 12 U.S.C. § 5564(g)(2)(A); and (B) instead, for claims arising solely under an enumerated consumer law, including HMDA, the CFPB is confined to enforcement either as allowed within the enumerated consumer law itself, which, in this case, is HMDA, *see id.* § 5564(g)(2)(B), or through an administrative proceeding, *id.* § 5563.

Even though these provisions of law are not ambiguous—their meaning is clear from a simple reading—the CFPB asks the Court to "ignore[] 'the wise rule that the title of a statute and the heading of a section cannot limit the plain meaning of the text.'" *United States v. De Andre Smith*, 967 F.3d 1196, 1211 (11th Cir. 2020) (quoting *Bhd. of R.R. Trainmen v. Balt. & Ohio R.R. Co.*, 331 U.S. 519, 528-29 (1947)).  In fact, "section headings may only be used to interpret a statute when the statute is ambiguous."  *Id.* (quoting *Essex Ins. Co. v. Zota*, 466 F.3d 981, 989-90 (11th Cir. 2006)).  To put a fine point on this

2

long-held canon of statutory construction, "[s]ection headings cannot limit the plain meaning of the text and may be utilized to interpret a statute, if at all, only where the statute is ambiguous." *Id.* 1211-12 (quoting *Scarborough v. Office of Pers. Mgmt.*, 723 F.2d 801, 811 (11th Cir. 1984)). Because the statutory provisions of § 5564(g)(2) are unambiguous, they cannot be limited or interpreted by the heading of the broader sub-section under which they are organized.

Given the clear meaning of the two provisions of § 5564(g)(2), limiting or interpreting them according to the heading of the broader sub-section would make no sense. Doing so would require a strained, rather than straightforward, reading of these provisions; and it would *add* ambiguity and confusion where none exists. Nonetheless, the CFPB is asking the Court to limit the plain meaning of the text of these two provisions to the heading at § 5564(g): "Time for bringing action." Pl.'s Opp. to Def.'s Mot. S.J. 3. In making this argument, the CFPB asks the Court to interpret the two straightforward provisions of § 5564(g)(2)—neither of which contains any reference to limitations whatsoever—as a modification to the limitations provision in § 5564(g)(1). Pl.'s Opp. to Def.'s Mot. S.J. 3-4.

The CFPB's argument is defeated by the canons of statutory construction, by common sense and, most importantly, by the very text of § 5564(g)(2). The CFPB asks the Court to interpret the statutory text, "an action arising under [the CFPA] does not include claims arising solely under enumerated consumer laws," to mean not what it says, but instead to mean that the CFPA's three-year statute of limitations does not apply to claims arising solely under enumerated consumer laws, like HMDA. Pl.'s Opp. to Def.'s Mot. S.J. 3. It would be truly bizarre for Congress to modify the CFPA's simple statute of limitations with language that, on its face, instead circumscribes the types of claims the CFPB can bring in federal district court. If Congress wanted to modify the CFPA's statute of limitations, it could have just used the same obvious, plain language the CFPB used when arguing for a judicial re-write of the law in its

3

Opposition Brief: "for an action arising solely under an enumerated consumer law, the statute of limitations in section 5564(g)(1) does not apply, and the Bureau need only follow any statute of limitations in the enumerated consumer law itself." At 3 (internal quotations omitted). But Congress did not use that language or anything like it, and the CFPB's argument stretches credulity.

The fairer and better construction—and indeed, the required construction—is to take the text of § 5564(g)(2)(A) at face value: the CFPB cannot bring a claim solely for violations of enumerated consumer law, including HMDA, in federal district court. This construction makes sense and does not hamstring enforcement of HMDA or any other enumerated consumer law; instead, when the CFPB seeks to enforce violations *solely* of enumerated consumer law, it may do so pursuant to the provisions within the enumerated consumer law itself, § 5564(g)(2)(B), or in an administrative proceeding, § 5563, which is not subject to the constraints of § 5564(g)(2)(A). Because the CFPB's claims are solely based on Freedom's alleged HMDA violations, there is no "civil action"—i.e., "action in court," Pl.'s Opp. to Def.'s Mot. S.J. 2—for the CFPB to pursue. Accordingly, the Court should grant summary judgment of dismissal to Freedom on the CFPB's Count II and Count III claims, which are both made pursuant to the CFPA exclusively for HMDA violations.

## II.
### THE CFPB'S ARGUMENT SHOWS HMDA DOES NOT HAVE ITS OWN ENFORCEMENT PROVISION

It is puzzling that the CFPB admits from one side of its mouth, "HMDA expressly states that the 'requirements of [HMDA] shall be enforced . . . **under subtitle E of the [CFPA]**," Pl.'s Opp. to Def.'s Mot. S.J. 4 (quoting 12 U.S.C. § 2804(b)(1)(B)) (emphasis added; alteration original), while arguing from the other, "Freedom is wrong to claim that HMDA *itself* does not provide for the Bureau to bring a HMDA enforcement action in federal court," *id.* (emphasis added). Based on either a reading of

4

HMDA or a review of the CFPB's own argument, it is obvious that HMDA *itself* has no enforcement provision, including for a federal court claim. The only provision by which the CFPB may enforce HMDA is in the CFPA—just as the CFPB admits in its Opposition Brief, as quoted above. For that reason, the CFPB cannot maintain its Count I claim, which is made pursuant to HMDA only. Freedom is accordingly entitled to summary judgment of dismissal on that claim.

## III.
### THE CFPB CANNOT OVERCOME THE PROHIBITION AGAINST OBEY-THE-LAW INJUNCTIONS

In spite of controlling authority that an obey-the-law injunction is unenforceable, the CFPB argues that it should be able to enforce its own obey-the-law injunction anyway. Pl.'s Opp. to Def.'s Mot. S.J. § II.B. First, the CFPB points out that the dicta in footnote 14 of *SEC v. Smyth*, 420 F.3d 1225 (11th Cir. 2005), was not controlling when it was published. Pl.'s Opp. to Def.'s Mot. S.J. 6. Nonetheless, it is consistent with the controlling authority subsequently published and is thus instructive. *See SEC v. Graham*, 823 F.3d 1357, 1362 fn.2 (11th Cir. 2016); *SEC v. Goble*, 682 F.3d 934, 950 & 952 (11th Cir. 2012).

Apparently quite concerned over the effect the *Smyth* opinion will have on this case, the CFPB goes further to try to distinguish it, arguing that the Eleventh Circuit *sua sponte* instructed the district court on the unenforceability of the obey-the-law injunction "only because the district court had entered the 'obey the law' provisions and thus had the 'inherent power to modify or revoke them.'" Pl.'s Opp. to Def.'s Mot. S.J. 6 (quoting *Smyth*, 420 F.3d at 1233 fn.14). But a good-faith reading of that case does not support the CFPB's analysis nor its conclusion as to the holding. Instead, the Eleventh Circuit's point was two-fold: (A) although the Eleventh Circuit did not itself have jurisdiction to mandate any action on the obey-the-law injunction (enforcement of the injunction was not an issue on appeal), the district court did have jurisdiction over its enforcement, and

5

(B) *even though the defendant stipulated to entry of the obey-the-law injunction and waived any right to appeal from it, it was unenforceable.* Smyth, 420 F.3d at 1233 fn.14.

Contrary to the CFPB's argument, nothing in *Smyth* suggests that the obey-the-law injunction was unenforceable because the district court entered it or had the inherent power to modify or revoke it—as an obey-the-law injunction, it was plainly unenforceable. *See id.* Here, the CFPB is seeking to enforce an obey-the-law injunction by its Count II claim—it wastes no time arguing in its Opposition Brief that its injunction is anything beyond an obey-the-law injunction. There is no meaningful distinction between this case and *Smyth*.

In attempting to frame its obey-the-law injunction as permissible, the CFPB primarily depends on cases that are inapplicable here. *E.g.*, *United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1362 (11th Cir. 2019) (defendants understood specific conduct required by injunction—i.e., the requirement to remit payroll taxes; but here, an understanding of the relevant provisions of HMDA and Regulation C is not possible because they are voluminous, vague and ill defined); *FTC v. Nat'l Urological Grp., Inc.*, 786 Fed. App'x 947, 951 (11th Cir. 2019) (injunction contained requirements beyond mere reference to law); *SEC v. Keener*, 644 F. Supp. 3d 1290, 1302 (S.D. Fla. 2022) (injunction specifically described prohibited conduct). The CFPB's cited authorities are therefore inapposite and do not support applying an exception to the clear rule against obey-the-law injunctions in this case.

Without providing any factual analysis from other cases to show that the obey-the-law injunction it is seeking to enforce is amongst those that are permissible, the CFPB baldly concludes, "Paragraph 29 [of the 2019 Order] fits comfortably among the sort of orders that the Supreme Court and Eleventh Circuit have repeatedly ruled are enforceable." Pl.'s Opp. to Def.'s Mot. S.J. 7. But the CFPB's mere assertion does not make it so.

As shown by Freedom in its Motion for Summary Judgment, the injunction the CFPB seeks to enforce requires Freedom to comply with not a single clear provision but an entire statutory and regulatory scheme—i.e., it "merely cross-references the relevant statutes and regulations" and impermissibly requires Freedom to look beyond "'the four corners of the injunction to determine what [it] must do or refrain from doing.'" *See Goble*, 682 F.3d at 952 (quoting *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1532 fn.12 (11th Cir. 1996)). For these reasons, the CFPB cannot enforce its obey-the-law injunction, and the Court should grant summary judgment to Freedom on the CFPB's Count II claim.

## IV.
### THE COURT SHOULD GRANT SUMMARY JUDGMENT TO FREEDOM

The CFPB cannot bring this HMDA enforcement action in federal court, and it cannot enforce an obey-the-law injunction. On these legal bases, Freedom has established that it is entitled to summary judgment of dismissal as a matter of law.

Dated: June 7, 2024                                       Respectfully submitted,

  /s/  *Herman J. Russomanno III*
Mitchel H. Kider
kider@thewbkfirm.com
Timothy P. Ofak
ofak@thewbkfirm.com
Charlie Cooper
cooper@thewbkfirm.com
Joseph Katz
katz@thewbkfirm.com
WEINER BRODSKY KIDER PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Tel: (202) 628-2000
Fax: (202) 628-2011

RUSSOMANNO & BORRELLO, P.A.
*Local Counsel for Defendant*
*Freedom Mortgage Corporation*
Museum Tower – Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 7, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will provide automatic notice to the below listed counsel of record:

Emily Holness
emily.holness@cfpb.gov
Hallie Ryan
hallie.ryan@cfpb.gov
Joseph Lake
joseph.lake@cfpb.gov
Eric Morthander
charles.mothander@cfpb.gov
Samuel Weinstock
samuel.weinstock@cfpb.gov
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552

                                                    /s/ *Herman J. Russomanno III*